### CITY OF BRIDGEPORT *v.* BRIDGEPORT POLICE LOCAL 1159, AFSCME, COUNCIL 15

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued December 9, 1980—decision released February 10, 1981

*Thomas W. Bucci,* assistant city attorney, for the appellant (plaintiff).

*W. Paul Flynn,* with whom, on the brief, was *Frank J. Raccio,* for the appellee (defendant).

BOGDANSKI, J. This appeal is from the denial of the plaintiff's application to vacate an arbitration award on the ground that the arbitrators exceeded their powers.[1]

---

[1] [General Statutes] Sec. 52-418. VACATING AWARD. In any of the following cases the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means;

The plaintiff city and the defendant union stipulated as follows: On November 9, 1974, the city and the union entered into a collective bargaining agreement which provided for certain grievance procedures in cases of disputes. Two years previously, the city had conducted a promotional examination for the position of sergeant and an eligibility list, based on the results of that examination, was compiled by the civil service commission. The grievants in the present case were ranked on that list but were never promoted to the rank of sergeant. They contend that policemen ranked ahead of them on the eligibility list were not residents of the city of Bridgeport which required that their employment be terminated in accordance with the city charter and applicable ordinances, and that upon their dismissals, the grievants would be entitled to promotion to the rank of sergeant.

On the basis of that stipulation, the parties agreed to the following submission: "Is this matter arbitrable? If so, was the City required to terminate non-resident police department employees under the Collective Bargaining Agreement and applicable ordinances of the City of Bridgeport? If so, was the City required to promote the grievants to the rank of sergeant? If so, what shall the remed (y) (ies) be?"

---

(b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

The arbitrators thereafter issued their award finding that the matter was arbitrable; that the city was required to teminate nonresident policemen; and that the city was required to promote the grievants to the rank of sergeant.

The first issue raised is whether the city may challenge, in court, the arbitrators' determination that the matter was arbitrable.

"This court has long followed the rule that the arbitrability of a dispute is a legal question for the court unless the parties have clearly agreed to submit that question to arbitration. The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration, such as 'all questions in dispute and all claims arising out of' the contract or 'any dispute that cannot be adjudicated.' " *Board of Education* v. *Frey,* 174 Conn. 578, 580–81, 392 A.2d 466 (1978). Where, however, the agreement provides for arbitration of " 'grievance[s] . . . based solely upon an alleged breach of [the] agreement' " the language was not sufficiently all-inclusive to warrant the conclusion that the parties intended to have arbitrability submitted to an arbitrator. *Board of Education* v. *Frey,* supra, 581.

Thus, whether the parties have agreed to submit to arbitration not only the merits of the dispute but the very question of arbitrability as well depends upon the intention manifested in the agreement they have made. *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.,* 148 Conn. 192, 197, 169 A.2d 646 (1961). Article VI of the present collective bargaining agreement provides for arbitration of any grievance where "any

employee or group of employees feel aggrieved concerning his or their wages, hours or conditions of employment, which wages, hours or conditions are controlled by this contract, or which are provided for in any statute, charter, provision, or ordinance, rule or regulation which is not in conflict with this contract, or *concerning any matter or condition arising out of the employee-employer relationship* . . . . " (Emphasis added.) We conclude that the above all-inclusive language of the agreement requires a determination that the parties intended the question of arbitrability to be determined by the arbitrators.

Where the determination of arbitrability has been committed to the arbitrator by the collective bargaining agreement, the proper procedure for challenging that right of determination is to raise it initially in the arbitration proceedings and then to challenge it by a motion to vacate the award. *Conte* v. *Norwalk,* 173 Conn. 77, 80, 376 A.2d 412 (1977). Thus, where the parties expressly presented this issue to the arbitrators, by submitting the question "[i]s this matter arbitrable," the plaintiff properly brought a motion to vacate the award. *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* 178 Conn. 557, 424 A.2d 263 (1979).

The trial court next addressed the issue of whether the grievances concerning promotions are arbitrable. In so doing the trial court applied the "positive assurance" test. *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.,* 363 U.S. 574, 583 n.7, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960); *Board of Education* v. *Frey,* supra. That test provides that when the contract leaves it up to

the court to determine arbitrability, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.,* supra, 582–83. That test, however, has no application in the present case where the contract provides that arbitrability is to be determined by the arbitrators. Once the trial court has determined that arbitrability is to be decided by the arbitrators, there is no need for it to apply the "positive assurance" test. The trial court's error in applying this test is harmless and, therefore, does not require reversal of its judgment.

The city further contends that because civil service merit requirements must be satisfied before promotions to the position of sergeant may be permitted, the arbitrators lacked the power to promote grievants to sergeant.

In deciding whether arbitrators have "exceeded their powers" as that phrase is used in § 52-418 (d), we need only examine the submission and the award to determine whether the award conforms to the submission. *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 291, 377 A.2d 323 (1977); *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.,* 164 Conn. 472, 477, 325 A.2d 274 (1973). If a submission is unrestricted, the arbitrators are not required to decide the issues according to law and the award cannot be reviewed for errors of law or fact. *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 135, 376 A.2d 1105 (1977). The submis-

sion in this case was unrestricted. The questions submitted asked, in part, "[i]s this matter arbitrable? If so, was the City required to terminate non-resident police department employees under the Collective Bargaining Agreement and applicable ordinances of the city of Bridgeport?" Although that submission directed the arbitrators to examine the ordinances and the collective bargaining agreement, that direction was not made a condition of the submission. *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 432, 158 A. 917 (1932). See *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 96 A.2d 209 (1953). This is in accord with the public policy favoring arbitration which is intended to avoid the formalities, delay, expense and vexation of ordinary litigation. *Waterbury Teachers Assn.* v. *Waterbury,* 164 Conn. 426, 434, 324 A.2d 267 (1973).

The remaining inquiry is whether the award conformed to the submission. The submission asked whether the city was required to promote grievants to the rank of sergeant, and if so, what shall the remedies be. This submission gave the arbitrators broad powers to fashion a remedy. The award provided that one grievant shall be promoted to the rank of sergeant, and two other grievants shall receive retirement benefits commensurate with the rank of sergeant. This was clearly within the limits of the submission.

"Having bargained for the decision of the arbitrator on the question . . . the parties are bound by it, even if it be regarded as unwise or wrong on the merits . . . ." *Local 453, International Union of Electrical, Radio and Machine Workers* v. *Otis*

*Elevator Co.,* 314 F.2d 25, 28 (2d Cir.), cert. denied, 373 U.S. 949, 83 S. Ct. 1680, 10 L. Ed. 2d 705 (1963).

The judgment is affirmed.

In this opinion the other judges concurred.