TOWN OF TRUMBULL *v.* TRUMBULL POLICE
LOCAL 1745, CONNECTICUT COUNCIL OF
POLICE UNIONS, ET AL.
(2296)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued November 2, 1983—decision released January 24, 1984

*Robert M. Davidson,* with whom was *James P. Driscoll,* for the appellant (plaintiff).

*Frank J. Raccio,* for the appellees (defendants).

HULL, J. The plaintiff town of Trumbull has appealed[1] from the trial court's confirmation of an award by the Connecticut state board of mediation and arbitration ordering the enforcement of a provision of a collective bargaining agreement which required the town to discharge summarily nonunion employees who failed to pay to the union an agency shop fee equal to union dues.[2]

Early in 1978, the parties to this action entered into collective bargaining. After failing to reach an agreement, the parties submitted to fact finding proceedings by the board of mediation and arbitration pursuant to General Statutes § 7-473. On December 11, 1978, the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] An agency shop fee is a fee, equal in amount to union dues, assessed to employees who are represented by a union but who are not members of that union, the payment of which is a precondition of employment. *Abood* v. *Detroit Board of Education,* 431 U.S. 209, 211, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977); see Gorman, Labor Law p. 642.

fact finder for the board issued a report which, in part, recommended that the town of Trumbull adopt the union's proposal for an agency shop fee.

The fact finder's report was neither accepted nor rejected within the time limit applicable under General Statutes § 7-473 (c).[3] The parties stipulated that thereafter, on February 5, 1979, the Trumbull town council voted to approve the fact finder's report and therefore ratified the contract which was the subject of the collective bargaining.

The town, however, refused to enforce article XXX which was the agency shop provision of the contract. Section 2 of article XXX states: "Upon the effective date of this Agreement all members of the Bargaining Unit who are covered by the terms of this Agreement shall, as a condition of continued employment, either join the Union or pay a service fee equal to the dues paid by a Union member. Employees who fail to comply with the provisions of this section [shall be discharged by the employer within thirty days after the receipt of written notice to the employer from the Union that the employee has not complied]."

On March 13, 1979, the union president notified the first selectman of Trumbull that the town's acceptance of the fact finder's report resulted in making the agency shop provision operative and, therefore, the union president requested that the provision be enforced.[4] After the plaintiff's continued refusal to enforce the provi-

[3] General Statutes § 7-473 (c) provides in pertinent part: "If . . . the municipal employer fails to notify the employee organization in writing, within twenty days after the fact finder's last such meeting . . . that it has rejected the fact finder's report and if the employee organization fails to notify the municipal employer in writing . . . that it has rejected the fact finder's report, such report shall be deemed accepted and shall be final and binding on all parties."

[4] Specifically, there were three veteran Trumbull police officers, who were not members of the union and who did not pay the agency shop fee.

sion, the union filed a grievance.[5] The grievance, which sought enforcement of article XXX, was submitted to the arbitrators pursuant to the collective bargaining agreement.[6]

The resulting arbitration award, rendered on June 3, 1980, found that the town had violated article XXX of the agreement and directed the town to discharge the affected employees within thirty days unless their agency shop fees were paid.[7] The plaintiff sought to have the award vacated pursuant to General Statutes (Rev. to 1981) § 52-418 (d),[8] claiming that the arbitrators exceeded their powers and imperfectly executed them and further alleging that the award violated due

[5] On November 9, 1979, the parties executed a collective bargaining agreement which contained the agency shop provision, article XXX, from the earlier pact and which continued to label that provision article XXX. Thereafter, the town still refused to enforce the provision and on November 27, 1979, the union filed a second grievance.

[6] Article XVI of the collective bargaining agreement provided for submission to arbitration of "[m]atters relating to the interpretation and application of the articles and sections of this Agreement."

[7] The submission asked the arbitrators: "Did the Town of Trumbull violate the provisions of the collective bargaining contract established by the failure of either party to reject the fact finder's report . . . when it refused to discharge those employees who did not join the Union or pay a service fee equal to the dues paid by a Union member? . . . Has the Town of Trumbull violated the collective bargaining agreement between the parties by continuing in the employment of the Trumbull Police Department non-union members of the bargaining unit who have failed or refused to pay a weekly agency shop fee to the Union in an amount equal to the dues paid by Union members?" The submission further requested that the arbitrators fashion a remedy if a violation were found.

The full text of the arbitration award stated: "1. The Town of Trumbull is directed to discharge all non-paying employees within thirty (30) days of the receipt of this award unless said non-paying employees shall pay the agency fees from the inception of the contract to date. 2. The Town of Trumbull is further directed to terminate all non-paying employees if in the future any one or more of said employees fails or refuses to pay the agency fee."

[8] The language of General Statutes (Rev. to 1981) § 52-418 (d) was codified, as of the 1983 revision of the General Statutes, as General Statutes § 52-418 (a) (4). See Public Acts 1982, No. 82-160, § 157. For the purposes of this case, which originated prior to the 1983 codification, we will refer to the section as § 52-418 (d).

process, improperly affected the rights of nonparties to the arbitration, and exposed the plaintiff to a law suit. The court, *Grillo, J.,* denied the motion to vacate the award.

On appeal, the plaintiff claims that the court erred in confirming the arbitration award. The plaintiff appealed pursuant to General Statutes (Rev. to 1981) § 52-418 which states in pertinent part that "the superior court . . . shall make an order vacating the award . . . (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The plaintiff alleges that it has standing to contest an award that compels it to violate the due process rights of town employees. Put another way, the plaintiff claims that the court should not enforce an award that directs it to violate the constitutional rights of its employees and contravenes certain provisions of its own charter. The plaintiff further claims that the award was not mutual, final or definite within the meaning of § 52-418 (d).

I

Courts favor arbitration as a means of settling differences and expediting the resolution of disputes. *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 107, 438 A.2d 1171 (1981); *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 290, 377 A.2d 323 (1977). The autonomous nature of the arbitration process must be respected by the courts. Arbitration is a remedy which is bargained for by the parties and they are free to negotiate with respect to the procedure to be employed. *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 62, 357 A.2d 466 (1975). Where the parties contractually agree

to a procedure and have delineated the authority of the arbitrators, they must adhere to, and are bound by, the limits which they have set. Id.

Judicial review of an arbitration award is limited in its scope by the provisions of General Statutes § 52-418 and by the terms of the contractual agreement between the parties. *Carroll* v. *Aetna Casualty & Surety Co.*, 189 Conn. 16, 22, 453 A.2d 1158 (1983); *Board of Education* v. *Bridgeport Education Assn.*, supra; *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, supra. It is axiomatic in this jurisdiction that any challenge to an award pursuant to General Statutes (Rev. to 1981) § 52-418 (d) on the ground that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award with the submission. *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 340, 464 A.2d 785 (1983); *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983). In order to decide whether the arbitrators have exceeded their authority, the reviewing court must examine the submission together with the award and determine whether the award conforms to the submission. *Bruno* v. *Department of Consumer Protection,* supra, 18; *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 21; *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584, 440 A.2d 774 (1981). The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award. *Bruno* v. *Department of Consumer Protection,* supra, 19; *Bic Pen Corporation* v. *Local No. 134,* supra, 585. Every reasonable presumption will be made in order to sustain an award. *Bic Pen Corporation* v. *Local No. 134,* supra.

If the submission does not contain limiting or conditional language, then the submission is unrestricted. Id., 584–85; see *Bridgeport* v. *Bridgeport Police Local 1159,* supra, 106–107. " 'Where the submission is unre-

stricted, "the award is . . . final and binding and cannot be reviewed for errors of law or fact." *Milford Employees Assn.* v. *Milford,* 179 Conn. 678, 683, 427 A.2d 859 (1980).' " *Caldor, Inc.* v. *Thornton,* supra. Furthermore, if the submission is unrestricted, the arbitrators are not required to decide the issues presented to them according to law. *Bridgeport* v. *Bridgeport Police Local 1159,* supra, 106; see *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 135, 376 A.2d 1105 (1977). Thus, "[w]here the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Citations omitted.) *Caldor, Inc.* v. *Thornton,* supra, 340–41, quoting *Bic Pen Corporation* v. *Local No. 134,* supra, 584.

By agreeing to the unrestricted submission, the town and the union authorized the arbitrators to exercise their own judgment in resolving the dispute and granting a remedy. "If the question has been entrusted to the arbitration tribunal, then the court should not rule upon the merits of the issue and it should not usurp the function conferred upon that tribunal by the parties to the agreement." *Hartford* v. *Local 308,* 171 Conn. 420, 424–25, 370 A.2d 996 (1976); *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531 (1967). It is clear that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do. See *New Britain* v. *Connecticut State Board of Mediation and Arbitration,* 178 Conn. 557, 563, 424 A.2d 263 (1979). "Having bargained for the decision of the arbitrator on the question . . . the parties are bound by it, even if it be regarded

as unwise or wrong on the merits." *Local 453, International Union of Electrical, Radio and Machine Workers* v. *Otis Elevator Co.,* 314 F.2d 25, 28 (2d Cir.), cert. denied, 373 U.S. 949, 83 S. Ct. 1680, 10 L. Ed. 2d 705 (1963); *Bridgeport* v. *Bridgeport Police Local 1159,* supra, 107–108.

In the present case, the parties agreed to submit disputes concerning the interpretation and application of the collective bargaining agreement to arbitration.[9] The parties voluntarily submitted the issue to the arbitrators and the submission did not contain limiting or conditional language.[10] The submission, therefore, was unrestricted. In essence, the submission asked the arbitrators to determine whether the plaintiff violated the agreement by failing to discharge the nonunion employees whose agency shop fees were not paid, and to fashion a remedy if such a violation were found. The arbitrators' award found that the town had violated the agency shop provision and they fashioned a remedy whereby the town was directed to terminate nonunion employees who had not paid the agency shop fee.[11] It is clear that the award conformed to the submission. The arbitrators, therefore, did not exceed or imperfectly execute their powers within the meaning of General Statutes (Rev. to 1981) § 52-418 (d).

## II

The plaintiff implicitly requests us to broaden the scope of judicial review of an arbitration award based upon an unrestricted submission. Moreover, the plaintiff, in essence, encourages this court to consider issues submitted neither to the arbitrators nor to the courts for prior determination.

[9] See footnote 6, supra.
[10] See footnote 7, supra.
[11] See footnote 7, supra.

Recently, the Supreme Court was presented with a situation very similar to the present case. In *Carroll v. Aetna Casualty & Surety Co.*, 189 Conn. 16, 23, 453 A.2d 1158 (1983), the defendant claimed that the scope of judicial review accorded arbitration awards based upon an unrestricted submission should be enlarged beyond the scope permitted under General Statutes § 52-418. The Supreme Court refused, stating that "[s]uch a procedure is not sanctioned either by statute . . . or by our policy." Id. The court noted that "[i]mplicit within the defendant's argument is the contention that by the trial court's judgment he has been effectively deprived of a forum to raise novel and complex questions of law and fact. While the parameters of judicial review accorded arbitration decisions are encompassed within General Statutes § 52-418, we note that upon request by all parties an arbitrator must submit to any designated court any question or questions arising during the arbitration, the determination of which must be binding upon the arbitrator. General Statutes § 52-415. Although this process was available to the defendant during the arbitration proceeding, there is no indication on the record before us that the parties exercised this option." Id., 23 n.9.

The plaintiff's claims in the present case similarly seek an enlargement of the scope of review. The plaintiff asserts that it is prohibited from summarily discharging its employees without respecting the due process rights of those employees and, if this court so finds, that the plaintiff has standing to contest the award which compels it to contravene those rights. The plaintiff also claims that enforcement of the award would compel the plaintiff to violate provisions of its own charter as well as public policy.[12] It appears, how-

[12] Where there is a conflict between a collective bargaining agreement, reached by a municipal employer and an employee organization, and a local town charter, the terms of the agreement will prevail. General Statutes § 7-474 (f). It has been held that arbitration awards which contravene the

ever, that the plaintiff effectively seeks a second determination of the underlying dispute on the merits after being unsuccessful in arbitration and in the Superior Court. See *Carroll* v. *Aetna Casualty & Surety Co.,* supra, 23. As stated earlier, the courts will not permit such a tactic. See *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 342, 464 A.2d 785 (1983).

The plaintiff had certain options available to it. It could have restricted the submission itself or included in the submission the issues which have now been raised subsequent to the award,[13] or submitted the questions that arose to a designated court pursuant to General Statutes § 52-415. Having failed to avail itself of any of the procedures, the plaintiff cannot now challenge the legal determination of the arbitrators. The plaintiff is concerned with the procedural due process rights of the employees whom the town has been directed to discharge. Procedural defects, however, are deemed to be waived if not raised for judicial determination prior to the award.[14] See *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 63,

---

public policy of this state "exceed the powers of an arbitrator and are illegal and unenforceable." *Avco Corporation* v. *Preteska,* 22 Conn. Sup. 475, 480–81, 174 A.2d 684 (1961). In the present case, however, we find the plaintiff's public policy argument unpersuasive. The United States Supreme Court has found that agency shop agreements are valid and do not contravene public policy. See *Abood* v. *Detroit Board of Education,* 431 U.S. 209, 225–26, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1976).

[13] The Supreme Court has yet to determine that arbitrators do not have authority to determine constitutional questions. In *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 345 n.6, 464 A.2d 785 (1983), the court stated: "We reserve for another day the extent to which an arbitrator may have authority to determine constitutional questions, *such as the due process implications of challenged procedures,* which do not attack a statute as being unconstitutional on its face." (Emphasis added.) In order to have such authority initially, however, it must originate in the submission. In the present case, the submission contained no reference to the due process implications.

[14] This waiver principle applies with equal vigor to the claim that the award compels the plaintiff to violate its own charter. See *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 63–64, 357 A.2d 466 (1975).

357 A.2d 466 (1975). This rule is designed to prevent parties from "gambling on a favorable result and, when losing, [raising] the procedural defects in a motion to vacate." Id. In addition, it should be noted that the award in this case does not necessarily direct the plaintiff to violate the due process rights of its employees. The award neither requires nor prohibits according due process rights to the employees affected by the award. The implementation of the arbitrators' directive could be accomplished while affording those employees their due process rights such as a hearing and the right to be heard; whatever would be appropriate. The implementation of the award and the procedures for doing so, however, are not properly issues before this court. Standing to contest the award must be separate from standing to contest its implementation. The employees do not have standing to contest the award as they were not parties to the arbitration agreement.[15] See *McCaffrey* v. *United Aircraft Corporation,* 147 Conn. 139, 142, 157 A.2d 920 (1960); *Dillon* v. *American Brass Co.,* 135 Conn. 10, 16, 60 A.2d 661 (1948). The plaintiff does not have standing in this action to contest in their stead.[16] The plaintiff is confined to the provisions of General Statutes § 52-418. Any claims that the individual employees may have with respect to the

[15] The plaintiff claims that the *Dillon* case stands for the proposition that, since an award cannot "determine" the rights of the employees who were not a party to the arbitration, the award cannot then compel the town to discharge them. See *Dillon* v. *American Brass Co.,* 135 Conn. 10, 15, 60 A.2d 661 (1948) (award cannot determine rights of those not party to arbitration). We disagree. The town is bound by the arbitrators' decision. Whether the nonpaying employees may have a defense due to rights affected by their discharge involves questions separate from the dispute submitted to and decided by the arbitrators. The award does not "determine" the employees' rights. While it may indirectly affect certain of their rights, this depends upon the procedure used to implement the remedial directive and whether the need to take that action arises, issues which are not properly before us at this time.

[16] The Supreme Court has "uniformly resisted the efforts of litigants to assert constitutional claims of others not in a direct adversarial posture before the court." *Southern Connecticut Gas Co.* v. *Housing Authority,* 191

implementation of the award do not constitute grounds for vacating the award. The dispute was arbitrable, the award conformed to the submission and, therefore, the arbitrators did not exceed or imperfectly execute their authority.

III

The plaintiff's claim that the award should be vacated because it was not mutual, final or definite within the meaning of General Statutes (Rev. to 1981) § 52-418 (d) fails for the same reasons that govern the issue of standing raised in this case. Here again, the plaintiff seeks to include the nonpaying employees under its cloak in order to establish grounds for vacating the award. The plaintiff alleges that because the award involves two parties, the town and the employees, only one of whom was a party to the arbitration, the award was not mutual as it does not bind the employees. We disagree. A reading of § 52-418 (d) clearly reveals that the award must be mutual, final and definite as between the parties to the arbitration. The award in this case was mutually dispositive of the dispute submitted as between the parties to the arbitration proceedings. The award was definite in its terms and was final as it affected the parties who voluntarily submitted to arbitration.

There is no error.

In this opinion the other judges concurred.

---

Conn. 514, 522–23, 468 A.2d 574 (1983); see *General Electric Supply Co.* v. *Southern New England Telephone Co.,* 185 Conn. 583, 586–600, 441 A.2d 581 (1981); *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 470–71, 217 A.2d 698 (1966).