[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION 
CROSS APPLICATION TO VACATE OR CONFIRM ARBITRATION AWARD
In its application to vacate the arbitration award the plaintiff City of Middletown [Middletown] states the following. The American Federation of State and Municipal Employees, Council 4, Local 466 [AFSCME] represents certain employees of the plaintiff Middletown, including the employee CT Page 3331 who was the subject of this arbitration, Edward S. Zabrowski [Zabrowski]. On April 4, 1989 the plaintiff entered into a contract with the defendant which provides for the arbitration of the settlement of disputes.
In its memorandum of decision the Board recited the following findings. On June 7, 1990 Zabrowski was terminated from his employment with the plaintiff Middletown. Ostensibly the reason for his termination was that he failed to show up at work for three consecutive days, without leave, in violation of his employment contract. However, Zabrowski had repeatedly asked his supervisor for a thirty day leave without pay in order to serve a sentence for driving when his license was suspended. Moreover, Zabrowski had been granted leaves in the past in order to receive treatment for an alcohol problem and he contended that if the plaintiff Middletown had informed him before the fact that they were denying his request for leave he could have made arrangements to serve his sentence on consecutive weekends.
Zabrowski filed a grievance with AFSCME and pursuant to his contract with the plaintiff Middletown, AFSCME submitted the dispute to the Connecticut State Board of Mediation and Arbitration [Board]. The submission of issue that the Board considered was: "Was the termination of Edward S. Zabrowski appropriate? If not, what shall be the remedy?" On January 8, 1991 the Board made an award reinstating Zabrowski effective the first Monday after the award.
On February 7, 1391 plaintiff filed an application to vacate the arbitration award on the grounds that: 1) the award was not rendered within the fifteen day statutory time limit, nor within a reasonable time; 2) the Board either ignored or unreasonably interpreted the evidence before it in rendering the award; 3) the award violates public policy. Plaintiff has filed no additional documentation in support of its application and rests on its application and oral argument.
Defendant has filed a memorandum in opposition to plaintiff's application dated February 22, 1991 and on March 11, 1991 filed a cross-application to confirm the arbitration award.
The standards for vacating an arbitration award are contained in Conn. Gen. Stat. 52-418 which states in pertinent part:
(a) Upon the application of any party to CT Page 3332 an arbitration, the Superior Court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the parts of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
I. AWARD WAS RENDERED OUTSIDE THE TIME LIMIT
Plaintiff first contends that because the hearing on this matter took place on November 28, 1990 and the award was issued on January 8, 1991, it is outside the fifteen day time period prescribed by Conn. Gen. Stat. 31-98 and thus the award should be vacated. On this issue the court has stated:
 We have previously concluded that the time limitation in this statute's predecessor was directory and not mandatory. . . . we have also held that "in the absence of a mandatory time limitation . . . an award of arbitrators may be made within a reasonable time. . ." We do not have to reach those issues in the present case, however, because the plaintiffs' failure to raise the issue of timeliness prior to the issuance of the arbitration award operates as a waiver of their right to assert the lack of timeliness in the board's decision. The record discloses that the only challenge to timeliness is contained in the post-decision application to vacate the award. (Citations omitted).
AFSCME v. New Britain, 206 Conn. 465, 468-69 (1988). CT Page 3333
As in the case just cited, the record in the present case discloses that the only challenge to the timeliness of the Board's decision has come in this post-decision application to vacate. As such, the plaintiff in this action has waived its right to challenge the timeliness of this award and its application to vacate cannot be granted on that basis.
II. THE BOARD IMPROPERLY CONSIDERED THE EVIDENCE IN RENDERING ITS DECISION
The issue submitted by the parties to be arbitrated was: "Was the termination of Edward S. Zabrowski appropriate? If not, what shall be the remedy?" "If the submission does not contain limiting language, then the submission is unrestricted." (Citation omitted). Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207, 212 (1984). Therefore, because this submission contains no limiting language, it is submitted that it is an unrestricted submission.
 [I]n determining whether all arbitrator has exceeded his authority . . . the courts need only examine whether the award conforms to the submission. . . . Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review that evidence considered by the arbitrators nor will they review the award for errors of law or fact. . . . (Citations omitted).
American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 187
(1987).
In the present case the arbitrators determined that the termination of Zabrowski was "not appropriate under the circumstances in which it occurred." This award conforms with the submission. Therefore, the court will not engage in a review of the evidence that was presented and thus the award cannot be vacated on this basis.
III. THE AWARD IS AGAINST PUBLIC POLICY
It was plaintiff's contention at oral argument that requiring Middletown to reinstate Zabrowski contravenes public policy in that Zabrowski is required, periodically, to drive town vehicles which he cannot do with a suspended license.
In addressing what is in contravention of public policy CT Page 3334 it has been stated that "[t]he test is whether the parties have stipulated for something inhibited by the law or inimical to, or inconsistent with, the public welfare. An agreement is against public policy if . . . it is at war with the interests of society and is in conflict with the morals of the time." Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 786 (1948), see also Ballentine's Law Dictionary 1023 (3rd ed. 1969). Although it may be inconvenient to have Zabrowski working without the benefit of a driver's license it is not a contravention of public policy as defined above. Moreover, Zabrowski's license was under suspension prior to his termination and Middletown did not find it a contravention of public policy to keep him employed.
For the foregoing reasons the plaintiff's application to vacate the arbitration award is denied. Moreover, Conn. Gen. Stat. 52-417 states in pertinent part:
 At any time within one year after an award has been rendered and the parties to the arbitration have been notified thereof, any party to the arbitration may make application . . . for an order confirming the award. The court shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419.
Accordingly, since the award has not been vacated, modified or corrected, the defendant's cross-application to confirm the award is granted.
It is so ordered.
Higgins, J.