[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned cases came before the court on, respectively, an application to vacate, modify and correct an arbitration award and an application to confirm that award as to the claim of Patricia Dell'Oro for uninsured motorist benefits under two contracts of insurance.
The arbitrators found that Dell'Oro was injured in an CT Page 828 automobile collision in which Omar E. Gallo was the tortfeasor, that she had exhausted the $20,000.00 liability coverage of the Gallo policy, and that she had suffered damages and injuries to the extent of $125,000.00. The panel deducted from the $125,000.00 the $20,000.00 already received, and deducted a further $12,500.00 to reflect its finding of the extent to which the claimant's own negligence was the cause of her injury, such that she was due further damages in the amount of $92,500.00.
The panel, with one member dissenting, then found that Dell'Oro was entitled to recover $21,458.34 of the $92,500.00 from Allstate Insurance Company ("Allstate") which had furnished underinsurance coverage in the amount of $100,000.00 applicable to the 1979 Malibu which Dell'Oro was driving at the time of the collision. The named insured as to the Allstate policy was Dell'Oro's father. The figure awarded as to Allstate reflected a reduction for basic reparations benefits it had paid in the amount of $1,666.66.
The panel further found that Dell'Oro was entitled to receive $69,375.00 from the Hartford Accident and Indemnity Company ("Hartford") which had provided underinsured motorist coverage in the amount of $100,000.00 on each of three other motor vehicles in a policy on which Dell'Oro's mother was the named insured. The Hartford claims that Allstate's coverage should be considered primary such that Allstate should pay $78,333.34 as the insurer of the vehicle involved in the accident (Hartford's brief, page 11) and that Hartford should pay what it calculates to be the remaining $12,500.00 as the "secondary" insurer. Allstate takes the position that the arbitration panel properly prorated the award between the Allstate coverage and the Hartford coverage in proportion to the amounts of that coverage.
The claimant, Ms Dell'Oro, urges that the arbitration award be upheld and that she be awarded interest to reflect the loss to her from the delay caused by the Hartford's challenge to the award.
STANDARD OF REVIEW
Though the Hartford alleges that the arbitration was conducted pursuant to the arbitration clause in the Allstate policy, the Hartford policy likewise provides, at page 7, for arbitration of disputes concerning uninsured/underinsured motorist benefits, both with regard to coverage and with regard to the amount of damages to be recovered from the Hartford. Where arbitration is voluntary and undertaken as a matter of contract, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of 52-418
C.G.S. American Universal Insurance Co. v. DelGreco, 205 Conn. 178, CT Page 829 185 (1987); Bruno v. Department of Consumer Protection,190 Conn. 14, 18 (1983); Carroll v. Aetna Casualty Surety Co.,189 Conn. 16, 21 (1983); Bic Pen Corporation v. Local No 134,183 Conn. 579, 583 (1981).
In its application to vacate, modify, and/or correct the award, the Hartford has failed to identify any provisions of 52- 418 C.G.S. which it alleges that the panel violated. The Hartford instead alleges that the arbitrators reached an erroneous legal conclusion in prorating coverage instead of analyzing the issue as requiring a determination of primary/secondary coverage.
A de novo review of the substantial correctness of a legal determination by an arbitration panel will be undertaken where the arbitration has been compelled by statute. American Universal Insurance Co. v. DelGreco, supra, at 191. Where, however, the arbitration was voluntary, a court's review is limited to determining whether the award conforms to the submission. DelGreco, supra, at 186; Wilson v. Security Insurance Group,199 Conn. 618 (1986); Bridgeport v. Bridgeport Police Local 1159,183 Conn. 102, 106 (1981).
The Hartford makes no claim that the arbitrators exceeded their powers or that the award does not conform to the submission. The only grounds stated by Hartford in its application are as follows:
 12. In its decision a majority of the arbitration panel erroneously found that the damages should be assessed as between Allstate Insurance Company and Hartford Accident Indemnity Company on a pro-rated basis as to their respective policy limits.
 13. The decision of the arbitration panel was in error because the coverage available on the host vehicle was primary and therefore Allstate Insurance Company should have been found responsible for the full amount of the defendant Patricia Dell'Oro's damages.
In essence, the Hartford contends that the arbitrators reached a legally erroneous conclusion.
Under an unrestricted submission of a dispute to arbitrators pursuant to a contractual agreement to arbitrate, the courts are not to review the award for errors of law or fact. Wilson v. Security Insurance Group, supra, at 626-27; Carroll v. Aetna Casualty Surety Co., 289 Conn. 16, 19 (1983).
Since the Hartford has established no grounds cognizable CT Page 830 pursuant to 52-418 C.G.S., its application to vacate, modify and/or correct the award is hereby denied.
The application of Patricia Dell'Oro to confirm the award is hereby granted. Dell'Oro urges that the court exercise its discretion pursuant to 37-3a C.G.S. to award interest retroactive to the date of the arbitration award. The Connecticut Supreme Court in Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646,676 (1991) indicated that an award of interest in just such a situation is governed by the trial court's judgment whether, under the circumstances, the money awarded by the arbitrators has been wrongfully withheld, pursuant to 37-3a, a determination "to be made in view of the demands of justice rather than through the application of any arbitrary rule." Chmielewski, id.; Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 701 (1991).
The $92,500.00 awarded by the arbitrators became payable upon the issuance of their award on August 29, 1991. Whether the sum was wrongfully retained or not depends on whether the outcome of the application to vacate the award was reasonably clear or whether there was a good faith disagreement as to a close question of law.
The limited scope of review of voluntary arbitration awards pursuant to 52-418 C.G.S. is very well known. The Hartford's application, as revealed by its brief, appears to have been based on the erroneous premise that the arbitration was compelled by statute and subject to de novo review. Even when the correct standard of review was pointed out by Dell'Oro in her counsel's brief dated October 27, 1991; Hartford persisted- in pursuing its claim of entitlement to de novo review, creating delay in payment that this court finds was not justified under the circumstances. Justice requires that the cost of the delay be borne by those parties that have profited from it. Accordingly, Hartford is ordered to pay interest at the rate of ten percent on the $69,375.00 which the arbitrators ordered it to pay, from August 29, 1991 to the date of payment, and Allstate is ordered to pay such interest on the $21,458.54 that it was ordered to pay.
Patricia Dell'Oro shall recover her court costs from the Hartford.
Beverly J. Hodgson Judge of the Superior Court