[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, ASFCME, Council #15, Local $530 ("Union") had filed an application to vacate an arbitration award of the State of Connecticut Board of Mediation and Arbitration ("Board") favor of the respondent City of New Haven.
The arbitration award, entered on September 2, 1992, and received by the union on September 8, 1992, concerns a grievance brought by the union concerning a claimed violation of the CT Page 41 collective bargaining agreement between the union, which represents a bargaining unit composed of police officers in the New Haven Police Department, and the City of New Haven, the employer.
Article III, which sets forth the grievance procedure in the collective bargaining agreement, provides, as its final step, for arbitration by either the State Board or the American Arbitration Association.
At a hearing conducted on February 27, 1991, the union and the City submitted the following issue to the Board: "Did the City of New Haven violate the Contract in the manner in which applied the plain clothes clothing allowance in the instant case If so, what shall the remedy be?"
The award issued is as follows: "[t]he grievance is denied This award was accompanied by a discussion explaining that the basis for the award was a finding that the contract language a issue had been uniformly applied to provide the clothing allowance only after a unit member had completed ninety days in the plain clothes division, and only for the period after the ninetieth day, with no retroactive payment for the first ninety days as to those who remained in the division past the 90-days mark.
Section 52-418 C.G.S. provides that an arbitration award can be vacated only upon statutorily enumerated grounds. The union invokes only the fourth of these grounds: "(4) if the arbitrators have exceeded their powers or so imperfectly execute them that mutual, final and definite award upon the subject matter was not made. Specifically, the union claims that the arbitrators exceeded their powers by relying on past practice a to a contract provision that the union considers to be unambiguous.
Where an award conforms to the submission, arbitrators will not be found to have exceeded their powers Hartford v. Board of Mediation and Arbitration, 211 Conn. 7, 14 (1989); Board of Education of the City of New Haven v. AFSCME, Council 4, Local 287, 195 Conn. 266, 271, 487 A.2d 553 (1988); Board of Education v. Waterbury Teachers' Ass'n. , 174 Conn. 123, 127, 384 A.2d 35
(1977)
The union argues that it agreed to arbitration only pursuant CT Page 42 to certain limitations on the arbitrators' powers stated in Article III of the collective bargaining agreement, specifically the following provision:
 Section 4[d] The arbitrator[s] [sic] jurisdiction to make an award shall be limited by the submission and confined to the interpretation and/or application of the provisions of this Agreement. The Arbitrator[s] shall not have the jurisdiction to make an award which has the effect of awarding, amending, enlarging or ignoring the provisions of the Agreement in effect at the time of the occurrence of the grievance being arbitrated. . .
The union complains that the arbitrators failed to abide by the language of the contract and decided the grievance on the basis of the past practices of the parties in applying the contract.
Even if the above provision were to be read as precluding inquiry into practices as a key to interpretation, the submission to the arbitrators did not contain any of the restrictive language of Article III section 4[d] set forth above. Where submission is unrestricted, the arbitrators are not required to make a decision according to law or according to any restricted approach or scope established by the contract. American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 186,530 A.2d 171 (1987); Bridgeport v. Bridgeport Police Local 1159,183 Conn. 102, 106 (1981); Town of Trumbull v. Trumbull Police Local #1745 1 Conn. App. 207, 470 A.2d 1219 (1989). The submission did not by its terms, preclude the arbitrators from looking to pass practice in interpreting the contract language.
The union claims that the award does not conform to the submission because the wording of the award is not grammatically responsive to the questions posed in the submission.
It is well settled that an award need contain no more than the actual decision of the arbitrators, that is, the result of the consideration, without the necessity of the analysis by which the result was reached. Stratford v. Local 134, IFPTE, 201 Conn. 577,583 (1986); Ramos Iron Works, Inc. v. Franklin Construction CT Page 43 Co., 174 Conn. 583, 589 (1978). An award conforms to the submission where it is dispositive of the dispute the parties had submitted to the panel. Stratford v. Local 134, id.
As the Supreme Court noted in Board of Education of the City of New Haven v. AFSCME, supra, at 271, in some circumstances the memorandum of decision may be examined to determine whether arbitrator has exceeded his or her authority by making an award beyond the scope of what was actually submitted. Scrutiny of the analysis of the grievance undertaken by the arbitrators in the case reveals that they were solely concerned with the issue of whether the failure to pay clothing allowances for the first days of plain clothes duty was a violation of the contract, as there is no basis for a conclusion that the denial of the grievance was the result of anything other than a finding of violation of the contract as interpreted by the arbitrators.
This case does not present the same situation as confront this court in City of West Haven v. AFSCME, Local 611, Docket N 91-0314371 (J.D. New Haven, 12/20/91). In the West Haven case the award similarly did not respond to the submission in grammatically direct manner, however the reason the court remanded the case was that the arbitrators' analysis reveal that they had decided a second issue that had not been part the submission. In the case now before the court, the submission confers authority to determine whether a violation occurred, and the arbitrators determined that there was no violation because the past practice of the parties had been to interpret the relevant contract language as applying only after a unit member had served ninety days in the plain clothes division. Though the statement of the award was not carefully drafted, there is no indication that the arbitrators did not decide the very issue submitted to them.
The court does not find that the arbitrators exceeded the powers, and the application to vacate the award is therefor denied.
Beverly J. Hodgson Judge of the Superior Court CT Page 44