[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#139)
The plaintiffs, Wallace and Florence Clark, filed a four-count amended complaint on June 28, 1991, against the defendants Peter, Ralph, Robert and S. Kenneth DiNardo, Alfred Lenoci, Norwalk Community College and the State of Connecticut alleging causes of action stemming from an injury Wallace Clark sustained on the campus of Norwalk Community College. On February 2, 1996, the defendants State of Connecticut and Norwalk Community College filed a motion to dismiss on the grounds of lack of subject matter jurisdiction because of sovereign immunity and failure to exhaust administrative remedies. The plaintiffs filed an objection to the motion to dismiss on February 13, 1996.
The defendants argue that the complaint fails to allege that I the plaintiffs were given permission to sue by the Claims Commissioner pursuant to General Statutes § 4-160. The plaintiffs reply that the permission was granted on March 21, 1994, and attached a copy of the memorandum of opinion from the Claims Commissioner to their motion to dismiss.
"A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Henry F. RaabConnecticut, Inc. v. J.W. Fisher Co., 183 Conn. 108, 112,438 A.2d 1171 (1981). The motion to dismiss "invokes the existing record."Bard v. Board of Trustees of Regional Community Colleges, 207 Conn. 59,62, 539 A.2d 100 (1988). The Supreme Court has stated, "[b]efore a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued. The claims commissioner, as previously noted, may waive that immunity. . . . Until that happens . . . the Superior court has no jurisdiction to hear any such monetary claim." Krozser v. New Haven, 212 Conn. 415, 423,562 A.2d 1080 (1989). The record indicates that the plaintiffs filed a claim with the Claims Commissioner pursuant to General Statutes § 4-160, and that the State of Connecticut waived sovereign immunity. The plaintiffs have met the requirements of General Statutes § 4-160, thus sovereign immunity has been waived and the court presently has jurisdiction. CT Page 4074-L
Lastly, by arguing that the approval is not alleged in the complaint, the defendants are attacking the legal sufficiency of the complaint. The court elects not to treat a motion to dismiss as a motion to strike. Anderson v. Schieffer, 35 Conn. App. 31,37, 645 A.2d 549 (1994). Accordingly, the motion to dismiss is denied.
KARAZIN, J.