[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Sergeant Edwin Garcia, a police officer, was charged by the Hartford Police Department with violations of Article I, Section 1.00 and Article V, Section 22 of the Hartford Police Department Code of Conduct. (Arbitration Award, p. 5.)
Article I, Section 1.00 provides in pertinent part: "Any violation of the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which tends to undermine the good order, efficiency and discipline of the department or which reflects discredit upon the department or any member thereof, shall constitute conduct unbecoming an employee." (Arbitration Award, p. 7.)
Article V, Section 22 provides in pertinent part: "Failure to take appropriate action concerning illegal activity, including vice conditions and/or to make a written report of any such incident in which an employee is involved." (Arbitration Award, p. 7.)
Pursuant to the parties collective bargaining agreement ("CBA"), a formal pre-disciplinary hearing was conducted by the Hartford Police Department in February of 1995. At CT Page 2215 those hearings, Garcia was represented by counsel and evidence was presented. Assistant Chief of Police, Joseph Ward, made certain findings and recommendations for discipline. Chief Joseph Croughwell accepted the findings and imposed a thirty day suspension. (Arbitration Award, p. 5.)
The plaintiff, the Hartford Police Department Union ("Union"), then grieved the discipline as provided for by the collective bargaining agreement. The grievance was denied by the defendant City of Hartford ("City").
The Union then filed for arbitration before the Connecticut Board of Mediation and Arbitration ("arbitrators"). The issue before the arbitrators was: "Did the City of Hartford impose a thirty day suspension upon Edwin Garcia for just cause? If not, what shall the remedy be?" (Arbitration Award, p. 1.)
The arbitrators found that the City imposed a thirty day suspension upon Garcia for just cause. They ruled that Garcia had violated Article I, Section 1.00, of the Hartford Police Department Code of Conduct, because his public statements undermined "the good order of the Department." Id., pp. 8-9. The arbitrators also ruled that Garcia had violated Article V, Section 22, by failing "in his duty to take appropriate action to stop or allay illegal activity." They reasoned that there was a violation, because Garcia testified that he witnessed police brutality but did nothing to stop it. Id., p. 8.
On June 13, 1996, the Union filed an application in this court to vacate the award claiming that the arbitrators exceeded the powers or so imperfectly executed them that a mutual, final and definite award on the subject matter was not made. The Union further contends that the arbitration award (1) does not conform to the submission; (2) is contrary to the terms of the contract and the law; (3) modifies and amends the provisions of the Agreement; and (4) offends public policy.
On May 16, 1997, the City filed a motion with a memorandum opposing the motion to vacate. In its memorandum, the City contends that the award should be upheld because: (1) the award conformed to the submission; CT Page 2216 (2) where the submission is unrestricted, the award is not reviewable for errors of law; (3) the award does not contravene public policy; and (4) the award is not contrary to law.
General Statutes § 52-418 (a)(4), the successor to §52-418 (d), provides in pertinent part: "Vacating award. (a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that mutual, final and definite award upon the subject matter submitted was not made."
In its memorandum, the Union asserts that the award is based on a manifest disregard of the law, because Garcia was exercising his first amendment rights and police officers "do not lose their first amendment rights merely because they are police officers."
In Trumbull v. Trumbull Police Local #1745,1 Conn. App. 207, 470 A.2d 1219 (1984), the court summarized the established principles with respect to judicial review of arbitration awards. The Trumbull court stated: "Courts favor arbitration as a means of setting differences and expediting the resolution of disputes. . . . The autonomous nature of the arbitration process must be respected by the courts. Arbitration is a remedy which is bargained for by the parties and they are free to negotiate with respect to the procedure to be employed. . . . It is axiomatic in this jurisdiction that any challenge to an award pursuant to General Statutes (Rev. to 1981) § 52-418 (d) on the ground that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award with the submission. . . . . In order to decide whether the arbitrators have exceeded their authority, the reviewing court must examine the submission together with the award land determine whether the award conforms to the submission." (Citations omitted; footnote omitted.) Id., 211-12.
A comparison of the submission with the award demonstrates that the award conformed to the submission. The issue before the arbitrators was: "Did the City of Hartford impose a thirty day suspension upon Edwin Garcia for just cause? If not, what shall the remedy be?" The CT Page 2217 arbitrators found that the City imposed a thirty day suspension upon Garcia for just cause. Thus, the award was dispositive of the dispute the parties submitted to the arbitration panel and was definite in its terms.
In arbitration proceedings, "[t]he standard of review turns on whether the award is restricted or unrestricted. If there is no limiting or conditional language in this submission, then it is unrestricted. Bridgeport v.Bridgeport Police Local 1159, 183 Conn. 102, 106-107,438 A.2d 1171 (1981). Where the submission is unrestricted, `the award is . . . final and binding and cannot be reviewed for errors of law or fact.' Milford Employees Assn. v.Milford, 179 Conn. 678, 683, 427 A.2d 859 (1980)."Bridgeport v. Bridgeport Police Department Employees Local1159, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 281769 (May 16, 1994, Spear, J.).
In the present case, because there is no limiting or conditional language in the submission, it is unrestricted.Trumbull v. Trumbull Police Local #1745, supra,1 Conn. App. 212. Because the award is unrestricted, it is "final and binding and cannot be reviewed for errors of law or fact."Milford Employees Assn. v. Milford, supra, 179 Conn. 683.
The Union contends that the arbitration award does not conform to the submission, but this court finds the award conforms to the submission.
In the instant case, the Union also asserts that the "arbitration award modifies and amends the provisions of the Agreement," but did not brief this issue. "Where an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." BridgeportHospital v. Commission on Human Rights Opportunities,232 Conn. 91, 115, 653 A.2d 782 (1995). Moreover, the language in the collective bargaining agreement authorized the arbitrators to hear and resolve a dispute arising out of the suspension of an employee. (CBA Article II, Sections 2.1 and 2.2) Because the arbitrators merely ruled on the validity of suspension, the award in no way modified or amended the agreement.
The Union also argues that the arbitration award offends public policy. In Watertown Police Union Local 541CT Page 2218v. Watertown, 210 Conn. 333, 555 A.2d 406 (1989), our Supreme Court stated: "When a challenge to the arbitrator's authority is made on public policy grounds, however, the court is not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award. . . . [R]efusal to enforce an arbitrator's interpretation of [collective bargaining agreements] is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest. . . . The party challenging the award bears the burden of proving that illegality or conflict to public policy is clearly demonstrated. . . . Therefore, given the narrow scope of the public policy limitation on arbitrable authority, the plaintiff can prevail in the present case only if it demonstrates that the board's award clearly violates an established public policy mandate." (Citations omitted; internal quotation marks omitted.) Id., 340-41.
The Union claims that upholding the award would violate public policy, because Garcia was exercising his first amendment rights and police officers "do not lose their First Amendment Rights merely because they are police officers.[1] Nevertheless, the arbitrators ruled that Garcia violated both Article I Section, 1.00 and Article V, Section 22 of the Hartford Police Department Code of Conduct. Because Garcia testified that he witnessed police brutality but did nothing to stop it, the arbitrators found that he had violated Article V, Section 22 by failing "in his duty to take appropriate action to stop or allay illegal activity." Thus, the arbitrators had grounds for upholding the suspension that were unrelated to the exercise of protected first amendment rights. The Union has not "demonstrate[d] that the [arbitrators'] award clearly violates an established public policy mandate." SeeWatertown Police Union Local 591 v. Watertown, supra,210 Conn. 340.
The motion to vacate is denied.
Hon. John J. Langenbach