**DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE–COSTA, PC, Plaintiff,**

v.

**Ralph P. DUPONT, Defendant.**

**No. CIV. 304CV1365JBA.**

United States District Court, D. Connecticut.

Nov. 8, 2005.

---

Frank J. Liberty, Liberty Law Firm, New London, CT, Loraine M. Cortese–

Costa, Durant, Nichols, Houston, Hodgson & Cortese–Costa PC, Bridgeport, CT, for Plaintiff.

Ralph Paul Dupont, Dupont and Radlauer, LLP, Stamford, CT, U.S. Court of Appeals, Office of the Clerk, New York City, for Defendants.

## RULING ON DEFENDANT'S MOTION FOR STAY PENDING APPEAL [DOC. # 23]

ARTERTON, District Judge.

Defendant Ralph Dupont moves pursuant to Fed.R.Civ.P. 62(c) for a stay pending appeal of this Court's November 2, 2004 judgment and order to proceed to arbitration.[1] For the following reasons, defendant's motion will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a fee dispute between the law firm of Durant, Nichols, Houston, Hodgson & Cortese–Costa, PC, and Ralph Dupont, an attorney who worked for the firm between 1992 and 1996 pursuant to an "Of Counsel" agreement. In August 2004, plaintiff filed a complaint in this court seeking an order compelling arbitration of the fee dispute, pursuant to the contract, which provides for arbitration of "any controversy or claim arising out of, or relating to any provision of this Agreement or breach thereof." *See* Of Counsel Agreement, Complaint [Doc. # 1], Ex. A.

Defendant failed to appear or oppose plaintiff's motion, and on October 29, 2004, the Court granted plaintiff's motion to

---

1. Although defendant's motion for stay reflects the Court's subsequent terminology of entry of "default judgment," *see* End. Order [Doc. # 17] at 1, the text of the October 28, 2004 Ruling and Order [Doc. # 6] reflects a merits determination that the parties' "Of Counsel" agreement required arbitration to proceed. The judgment in plaintiff's favor [Doc. # 7] also reflects this determination.

compel arbitration. *See* Ruling and Order [Doc. # 6]. Judgment entered in plaintiff's favor on November 2, 2004 [Doc. # 7]. On April 19, 2005, defendant's motions to re-open the judgment and to restrain enforcement of the arbitration order were denied. *See* Endorsement Order [Doc. # 17]. On May 2, 2005, defendant filed a notice of appeal, and briefing before the Second Circuit apparently is now complete, though no decision has issued.

Meanwhile, the parties selected an arbitrator, who ruled on September 14, 2005 that under the contract he was empowered to decide the question of arbitrability, and that the parties' dispute was arbitrable under federal and Connecticut law. *See* Ruling on Arbitrability [Doc. # 25].

Defendant seeks a stay of arbitration pending his appeal of the judgment. He argues that he will be irreparably harmed if required to participate in arbitration and that his appeal is likely to succeed because he did not willfully fail to appear in this case. *See* Def. Mem. of Law [Doc. # 24]. Plaintiff opposes the motion for stay, arguing that defendant will not be irreparably harmed by costs and fees incurred in discovery and arbitration, as most of these expenses would be incurred if the case proceeded before the Court. *See* Pl. Mem. of Law in Opp. [Doc. # 26].

## II. STANDARD

■ A district court should consider four factors when deciding whether to grant a stay under Rule 62(c): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the stay applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir.1999) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)).

## III. DISCUSSION

### A. Irreparable Injury

■ Defendant's principal contention is that if forced to arbitrate he will suffer irreparable harm because he "will be required to expend between $14,000 and $20,000 in out-of-pocket costs for discovery depositions and document production, and three times that amount in attorney's fees, plus suffer the loss of [his] own time from the practice of law." Def. Mem. of Law [Doc. # 24] at 5. However, as the Second Circuit has held in the context of labor arbitration, "[t]he monetary cost of arbitration certainly does not impose... legally recognized irreparable harm" in most cases, because arbitration is a preferred method of solving disputes. *Emery Air Freight Corp. v. Local Union 295*, 786 F.2d 93, 100 (2d Cir.1986) (citing *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974), *Graphic Communs. Union v. Chicago Tribune*, 779 F.2d 13, 15 (7th Cir. 1985)). Specifically, the expense of arbitration cannot be considered an irreparable harm if the arbitrator's ruling is correct and defendant is obligated under the "Of Counsel" Agreement to arbitrate the fee dispute. *Cf. McLaughlin Gormley King Co. v. Terminix Int'l Co.*, 105 F.3d 1192, 1194 (8th Cir.1997) (holding that cost of defending arbitration may be irreparable harm if court finds dispute *non*-arbitrable). In deciding that he had authority to determine arbitrability of the contract at issue, and that the dispute must be arbitrated, Magistrate Judge (Ret.) Eagan correctly interpreted and applied governing law. The Supreme Court held in *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d

985 (1995), that the issue of whether the parties agreed to arbitrate is a question of state contract law. Thus, "the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter. Did the parties agree to submit the arbitrability question itself to arbitration?" *Id.* at 943, 115 S.Ct. 1920. Where the contract is unclear concerning *"who* determines arbitrability— that is, the arbitrability of the question of arbitrability—the [Federal Arbitration] Act's presumption [favoring arbitration] is reversed and a court ordinarily decides the question." *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir.2002) (emphasis in original). Only if the parties have *"clearly agreed* to submit that question to arbitration" may the arbitrator decide arbitrability. *Id.* at 567 (emphasis in original).

In *Bell,* the Second Circuit applied Connecticut contract law to find that an arbitration clause in an employment contract, which provided for arbitration of "[a]ny controversy arising in connection with or relating to this Agreement . . . or any other matter or thing," was sufficiently broad to constitute an agreement to arbitrate the arbitrability question. *Id.* (citing *City of Bridgeport v. Bridgeport Police Local 1159,* 183 Conn. 102, 438 A.2d 1171 (1981)). The arbitration clause at issue in this case is similarly broad, covering "any controversy or claim arising out of, or relating to any provision of this Agreement or breach thereof." Therefore the arbitrator was correct in holding that the parties agreed by contract to submit the arbitrability question to him.

The arbitrator also correctly held the Federal "Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and therefore the fee dispute in this case is arbitrable. Because the dispute must be arbitrated, defendant cannot show that he will suffer irreparable harm by incurring costs connected with the arbitration proceedings. Furthermore, defendant necessarily will incur deposition and other discovery expenses whether this case is litigated before the arbitrator or before the Court. Therefore defendant has not met his burden of showing irreparable harm.

**B. Likelihood of Success on Appeal**

■ Defendant asserts in conclusory fashion that he is likely to succeed on the merits of his appeal because "[t]here is no finding that the default was willful" and "[t]here is no claim that it is incontrovertible that there is no meritorious defense." Def. Mem. of Law at 8. However, defendant misapprehends the standard under Rule 60(b), which permits the Court to relieve a party from a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). The Court's April 19 ruling was not based on any finding of "willfulness" by defendant, nor did the Court decide whether defendant had a meritorious defense to plaintiff's substantive claim. Rather, the Court held that defendant's explanation for failing to respond to the complaint in this case, namely having lost the papers in his office, did not amount to "excusable neglect." *See* End. Order at 1–2. The Court further stated that Dupont's defenses on the merits "may be raised in arbitration; none precludes arbitration." *Id.* at 2–3.

Defendant has not "made a strong showing" that he is likely to succeed in his appeal from the Court's judgment and order to proceed to arbitration. *See Acequip Ltd. v. AM.Engg Corp.,* Civ. No. 3:01CV676 (PCD), 2001 WL 1868125 at *1 (D.Conn. Oct. 9, 2001).

## IV.   CONCLUSION

Accordingly, defendant's motion for stay pending appeal [Doc. # 23] is **DENIED**.

IT IS SO ORDERED.