GLORIA M. DOWALIBY ET AL. *v.* HARTFORD FEDERATION OF TEACHERS, LOCAL 1018, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, ET AL.

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued January 10—decision released May 6, 1980

*Robert F. McWeeny,* for the appellant (named defendant).

*Wesley W. Horton,* for the appellees (plaintiffs).

PARSKEY, J. This case raises the question whether Public Acts 1979, No. 79-422, which permits a service fee agreement to be included in collective bargaining agreements, is applicable to teachers whose contracts of employment antedated the act. The trial court held that it was not applicable. We disagree.

The plaintiffs, Gloria Dowaliby and Hartford Education Association, brought this action against Hartford Federation of Teachers and the board of education of the city of Hartford, originally seeking to enjoin the defendants from enforcing a provision[1] in the collective bargaining agreement entered into by the defendants which authorized the board to deduct a representation fee from the plaintiff Dowaliby's salary. The complaint was later amended to seek a judgment declaring that this "agency shop" provision violates General Statutes § 10-153a and the National Labor Relations Act, 29 U.S.C. § 186 (c) (4). While the action was pending the General Assembly enacted Public Acts 1979,

---

[1] "ARTICLE XIV UNION RIGHTS (B): Effective July 1, 1979, all employees shall, as a condition of continued employment, join the Union or pay to the Union a representation fee equal to the amount paid as dues by other employees who are members of the Union except as modified in this Article.

The Board shall deduct the amount certified by the Union as the annual dues or representation fee from the pay of each employee in equal semi-monthly installments. All such deductions shall be remitted to the Union by the fifteenth (15th) day of the month for which the deduction is made. Employees on leaves of absence must make suitable arrangements in advance of such leave to pay the representation fee or Union dues directly to the Union.

Payments for new employees shall commence within thirty (30) days following the effective date of employment.

Union shall hold the Board and City harmless against any and all claims, demands, liabilities, lawsuits, counsel fees or other costs which may arise out of, or be by reason of, actions taken against the Board as a result of administration or the provisions of this section."

No. 79-422, which became effective October 1, 1979. On July 25, 1979, the trial court rendered a judgment declaring that the agency shop clause was illegal when made on July 1, 1979, both under state and federal statutes, and could not be enforced against the plaintiffs and that the plaintiffs could not be required to contribute, directly or through withholding, a "service fee" as a condition of employment during the life of any employment contract entered into prior to October 1, 1979.

The trial court concluded that the agency shop clause violates 29 U.S.C. § 186 (c) (4), which concerns payments, loans and gifts made by an employer to a labor organization including payments so made as a result of deductions from employees' wages. We need not examine this claim in depth because states and political subdivisions thereof are expressly excluded from the definition of "employer" as that term is used in the Labor-Management Relations Act of 1947, 29 U.S.C. §§ 141–187. 29 U.S.C. § 142 (3), § 152 (2). See also *Bus Employees Division 998* v. *Wisconsin Employment Relations Board,* 340 U.S. 383, 398 n.25, 71 S. Ct. 359, 95 L. Ed. 364 (1951).

General Statutes § 10-153a,[2] before its amendment by Public Acts 1979, No. 79-422, protected members

---

[2] "[General Statutes] Sec. 10-153a. RIGHTS CONCERNING PROFESSIONAL ORGANIZATION AND NEGOTIATIONS. Members of the teaching profession shall have and shall be protected in the exercise of the right to form, join or assist, or refuse to form, join or assist, any organization for professional or economic improvement and to negotiate in good faith through representatives of their own choosing with respect to salaries and other conditions of employment free from interference, restraint, coercion or discriminatory practices by any employing board of education or administrative agents or representatives thereof in derogation of the rights guaranteed by this section and sections 10-153b to 10-153f, inclusive."

of the teaching profession who refused to join or assist any organization for professional or economic improvement. If we assume that this statute operated to bar the enforcement of agency shop clauses in collective bargaining agreements prior to October 1, 1979, the question arises whether any such clauses became enforceable upon the effective date of the amendment.

If the agency shop clause was illegal in the sense that it was contrary to a deeply rooted public policy, it would be void at its inception. *Hanford* v. *Connecticut Fair Assn.*, 92 Conn. 621, 623, 103 A. 838 (1918). The clause, however, does not offend the public policy of this state. Agency shop clauses have long been a part of collective bargaining in this country. See Hopfl, "The Agency Shop Question," 49 Cornell L. Q. 478 (1964). Although the Connecticut Teacher Negotiation Act; § 10-153a through 153j; does not mirror federal law, resort to the policies underlying federal law is often useful in discerning the contours of our own labor policy. See *West Hartford Education Assn.* v. *DeCourcy*, 162 Conn. 566, 578–79, 295 A.2d 526 (1972). The National Labor Relations Act, particularly 29 U.S.C. § 158 (a) (3), has been construed as allowing agency shop clauses. *NLRB* v. *General Motors Corporation*, 373 U.S. 734, 741, 83 S. Ct. 1453, 10 L. Ed. 2d 670 (1963). In Connecticut, union shop clauses, which are more restrictive than the agency shop provisions, are expressly provided for in the private sector by General Statutes § 31-105 (5). In light of the foregoing we conclude that, while the clause may have been prohibited by state statute when agreed to, it did not contravene public policy and, therefore, was not a nullity.

The clause was, at most, subject to the defense that § 10-153a barred its enforcement. After October 1, 1979, that defense was no longer available because Public Acts 1979, No. 79-422[3] expressly provided that such clauses were enforceable in teacher contracts. Without that defense the contract is enforceable as the parties undeniably intended it to be, namely, with an agency shop clause.

The plaintiff questions whether consistent with the impairment of the obligation of contract clause of the United States constitution, article I, section 10, a state statute may validate an invalid provision of a contract. The short answer to this question is, it was ever thus. *Satterlee* v. *Matthewson*, 27 U.S. (2 Pet.) 380, 413 (1829); *Welch* v. *Wadsworth*, 30 Conn. 149, 155 (1861). The rights and obligations under the contract remain unchanged by the 1979 public act. The only change wrought by the public act concerns the availability of the defense that the clause violated § 10-153a. Upon the effective date of this statute, October 1, 1979, the agency clause provision became fully enforceable. See *Beckman* v. *St. Louis County Board of Commissioners*, 308 Minn. 129, 241 N.W.2d 302 (1976).

---

[3] "[Public Acts 1979, No. 79-422] AN ACT CONCERNING AGENCY FEES PAID BY NONMEMBERS TO ORGANIZATIONS REPRESENTING TEACHERS. Section 10-153a of the general statutes is repealed and the following is substituted in lieu thereof: . . . (b) Nothing in this section or in any other section of the general statutes shall preclude a local or regional board of education from making an agreement with an exclusive bargaining representative to require as a condition of employment that all employees in a bargaining unit pay to the exclusive bargaining representative of such employees an annual service fee, not greater than the amount of dues uniformly required of members of the exclusive bargaining representative organization which represents the costs of collective bargaining, contract administration and grievance adjustment; and that such service fee be collected by means of a payroll deduction from each employee in the bargaining unit."

464

There is error, the judgment is set aside and the case is remanded with direction to render judgment consistent with this opinion.

In this opinion the other judges concurred.