538

TWIN TOWERS ASSOCIATES *v.* GILBERT SWITZER
& ASSOCIATES

GILBERT SWITZER & ASSOCIATES *v.* TWIN TOWERS
ASSOCIATES
(3503)

HULL, SPALLONE and DALY, Js.

Argued May 15—decision released July 23, 1985

*James M. O'Connor,* for the appellant (plaintiff in the first case, defendant in the second case).

*William H. Clendenen, Jr.,* for the appellee (defendant in the first case, plaintiff in the second case).

SPALLONE, J. This is one appeal taken from the judgments of the trial court pertaining to two cases consolidated and tried together.

In the trial court, the plaintiff in the first case, Twin Towers Associates (Twin Towers), moved to vacate an arbitration award rendered in favor of the defendant, Gilbert Switzer & Associates (Switzer). In its demand for arbitration, Switzer sought $104,918.15, plus interest, claiming that Twin Towers failed and refused to pay for services Switzer performed on property owned by Twin Towers. Twin Towers was the defendant in the second case where Switzer, as plaintiff, moved to confirm the same award.

The trial court tried both actions as a consolidated matter and rendered two judgments in which it denied Twin Tower's motion to vacate and granted Switzer's motion to confirm the arbitrator's award.

Twin Towers has appealed from the judgments, claiming that the trial court erred in not finding that the arbitrators were guilty of misconduct for refusing to hear evidence pertinent and material to the controversy[1] and in failing to vacate the award. We find Twin Tower's claims of error to be without merit.

The issue before us is very narrow, i.e., whether the arbitrator's rulings on evidence were in violation of the provisions of General Statutes § 52-418 (a) (3) which provides in pertinent part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award . . . if the arbitrators have been guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy . . . ."

---

[1] The record discloses that, in the arbitration proceeding, Twin Towers did not file an answer to the demand for arbitration, raised no affirmative defenses, did not file a counterclaim, and did not state, in writing, any objection to the proceeding or any aspect thereof, although all of these options were permitted by the rules. Instead, Twin Towers filed a separate arbitration demand against Switzer. The arbitrator ruled that the excluded evidence was relevant to the arbitration demand filed by Twin Towers and was not admissible in the arbitration subject to this appeal.

Arbitration is a creature of contract and its autonomy requires a minimum of judicial intrusion. *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 583, 440 A.2d 774 (1981). When the parties agree to a procedure and have delineated the authority of the arbitrator, they must adhere to and be bound by those limits. Id., 584; *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 211–12, 470 A.2d 1219 (1984). Every reasonable presumption and intendment is made in favor of sustaining the award and of the arbitrator's acts and proceedings. *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 19, 458 A.2d 685 (1983). The burden, therefore, rests on the party challenging the award to produce evidence to support its claim of misconduct. *Bic Pen Corporation* v. *Local No. 134,* supra, 585. Absent a showing of perverse misconstruction or positive misconduct or a provision in the agreement authorizing it, the arbitrator's determination is not subject to judicial inquiry. *Schwarzschild* v. *Martin,* 191 Conn. 316, 327, 464 A.2d 774 (1983).

The contract between the parties provided for arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. Rule 31 contained therein provides that: "The arbitrator shall be the judge of the admissibility of the evidence offered and conformity to legal rules of evidence shall not be necessary." The principle reflected in this rule finds approval in the decisions of our appellate courts. "Arbitrators, being customarily chosen . . . because of special knowledge or skill in connection with the matter to be decided, are not bound to follow strict rules of law, unless it be made a condition of the submission, but are expected to determine the questions presented to them in the light of their own special skill and knowledge." *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 432, 158 A. 917 (1932). Thus, if the submission is unrestricted, arbitrators are

not required to decide according to the law; *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 106, 438 A.2d 1171 (1981); *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 288, 141 A.2d 479 (1958); and the award cannot be reviewed for errors of law or fact. *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 23, 453 A.2d 1158 (1983); *Courchaine* v. *Shelby Mutual Ins. Co.,* 2 Conn. App. 438, 479 A.2d 1218 (1984); *American Motorists Ins. Co.* v. *Brookman,* 1 Conn. App. 219, 223, 470 A.2d 253 (1984).

The trial court properly concluded that the board of arbitrators, rather than this court, is the proper judge of the admissibility of evidence at issue here. Its memorandum of decision manifests and reflects a knowledgeable and insightful appreciation of the principles of law involved in the field of arbitration and its decision to reject the claim of misconduct and to confirm the award was proper under the circumstances in this case.

There is no error.

In this opinion the other judges concurred.