[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S APPLICATION TO VACATE ARBITRATION AWARD
The plaintiff seeks to vacate the arbitration award for three reasons: First, he claims that General Statutes section52-416(a) requires that the arbitrators issue their decision within thirty days after the hearings are completed. Said statute is not applicable to the present action. Kilpatrick v. Connecticut Educational Assn., Inc., 23 Conn. App. 727.
Second, the plaintiff claims that General Statutes section 31-98 requires that the Board panel shall issue its decision within fifteen days after the hearings are completed. Such time limitation is directory and no not mandatory. Danbury Rubber Co. v. United Rubber Works, 145 Conn. 56; International Brotherhood of Teamsters v. Shapiro, 138 Conn. 57, 67-68. CT Page 3262
Third, the plaintiff claims that Dr. Erdel should not have been allowed to testify as to the medical condition of the plaintiff because he had not examined the plaintiff. However, the plaintiff himself raised the issue of his medical condition by supplying the panel with his medical records. Therefore, the Board was justified in allowing Dr. Erdel to examine the records and testify about the information supplied by the plaintiff.
The parties' submission to the arbitration panel was unrestricted. Thus the panel was relieved of any obligation to follow strict rules of law and evidence in reaching its decision. O G/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133, 148. There is no basis under General Statutes section 52-418 for vacating the award.
Accordingly, the plaintiff's application to vacate the arbitration award is denied and the award is confirmed.
FRANCES ALLEN SENIOR JUDGE