[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant Lunn Industries, Inc.'s (Lunn) motion to vacate an arbitration award in favor of the plaintiff.
A stipulation of facts was not filed by the parties. Briefs were filed, however.
The court, after hearing, can reasonably find the facts to be as follows.
Plaintiff entered into a contract of employment which was signed by him and Edwin N. Philips, president and CEO of Norfield Corporation and Lunn Industries, Inc. The agreement of employment provided for arbitration.
On February 28, 1994, plaintiff's employment was terminated but severance payment, in accordance with the contract of employment, was not made.
On October 17, 1994, a demand for arbitration was made and, by amended petition, Lunn and Norfield were named as respondents.
A hearing was held on May 16 and 17, 1995 before Attorney John Heffernan, the arbitrator.
Lunn's attorney, upon request, was able to get a subpoena issued in order to obtain certain documents from Norfield. Lunn's attorney informed the arbitrator that not all the documents had been produced. No continuance was given in order to have the missing items produced nor was judicial enforcement requested.
During the hearing before this court, it was further stated that CT Page 4225-Z certain affidavits were not permitted to be presented at the arbitration hearing. These affidavits, however, were never presented at the arbitration hearing (emphasis added).
An arbitration award is final and binding unless it is vulnerable on any of the grounds set forth in §§ 55 52-418 or 52-419 of the Connecticut General Statutes. Our courts have continuously held that absent showing of perverse misconstruction or positive misconduct, arbitration determination is not subject to judicial inquiry. Accordingly, the court is bound by the arbitration decision unless that determination falls within the proscription of § 52-418 or procedurally violates the parties' agreement. This reasoning is in accord with the public policy favoring arbitration which is intended to avoid the formalities, delay, expenses and vexation of ordinary litigation.
The burden of proof rests upon the party attacking the award to produce evidence sufficient to invalidate the award. Von Langendorff v.Riordan, 147 Conn. 524, 527 (1960).
The defendant has produced no new evidence to the court to substantiate its claim that the award should be vacated. Its main thrust is that the arbitrator failed to enforce the subpoena and that the arbitrator failed to admit into evidence certain affidavits. The court is not persuaded that the evidence proffered by the defendant did in fact substantiate these claims.
In Twin Towers v Switzer, 4 Conn. App. 538 (1985), our Appellate Court reaffirmed its long-standing ruling that arbitration, rather than appellate courts, are the proper judges of the admissibility of evidence offered and conformity to rules of evidence.
For the reasons given, the defendant's application to vacate the arbitration award is denied and the award is confirmed.
Mihalakos, J.