[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATIONS TO VACATE OR CONFIRM ARBITRATION AWARD
In this dispute between the parties the defendant sought damages against the plaintiff for breach of its contract to repair and renovate a residence owned by the defendant. The defendant claimed the damages resulted after she terminated her contract with the plaintiff on November 27, 1996 and her subsequent costs to complete the plaintiff's contract work.
The arbitrator awarded the defendant-claimant the sum of $26,710 in contract damages.
The plaintiff-respondent alleges as grounds for its application to vacate the award, that it produced evidence that at the time the defendant terminated her contract with the plaintiff the plaintiff was under the protection of the United States Bankruptcy Court, having filed a voluntary petition for bankruptcy under Chapter 11 prior thereto. The plaintiff claims to have introduced a copy of the notice of commencement of the bankruptcy proceedings and orders for relief, dated September 20, CT Page 5923 1996 and also that the plaintiff's president testified the bankruptcy case was still pending approximately two months later when the defendant acted to terminate the contract.
The plaintiff also claims the arbitrator declined to accept its memorandum of law on the issue of the bankruptcy stay and that he stated he would take "arbitratorial notice" of the bankruptcy filings of the plaintiff and make his award accordingly.
The arbitrator ruled as follows with regard to the plaintiff' s defense of a stay resulting from its Chapter 11 bankruptcy filing:
 N.B. #2: Respondent, at hearing, claimed as a defense that it had filed for Bankruptcy under Chapter 11 of the Federal Bankruptcy Code on September 20, 1996 and therefore, the Claimant had no right to terminate the contract for any reason during pendency of said bankruptcy proceedings unless approved by the bankruptcy court. The Respondent, at Hearing gave testimony that the Chapter 11 filing had been withdrawn at some point in time, but gave no evidence or testimony at Hearing as to whether the Chapter 11 proceedings were still active or had been withdrawn at the time of termination of the construction contract by the Claimant on November 27, 1996. Therefore, without such evidence before me, I could not find that the termination of the contract by the claimant was barred by Chapter 11 proceedings.
Pursuant to § 52-418, an arbitrator's award can be vacated if the reviewing court finds any one of the following defects:
 1. If the award has been procured by corruption, fraud or undue means.
 2. If there had been evident partiality or corruption on the part of the arbitrator.
 3. If the arbitrator has been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to rehear evidence pertinent and material to the controversy or of any other action by which the rights of any party may have been prejudiced.
 4. The arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. CT Page 5924
The plaintiff claims the arbitrator's award was in violation of No. 4 above, by ignoring the testimony that the bankruptcy was in effect when the contract was terminated; by refusing to accept the plaintiff's memorandum of law on the matter; and by stating he would take "arbitratorial" notice of the bankruptcy court filings, which would have corroborated the plaintiff's claim of having been in bankruptcy.
The arbitrator did not ignore the testimony. He specifically found the plaintiff gave no evidence as to whether the bankruptcy proceedings were withdrawn before or after November 27, 1996, the date of termination of the contract, and without such evidence he could not find the claimant was barred by bankruptcy proceedings.
As for the claimed non-acceptance of the plaintiff's brief; As a general rule arbitrators have broad discretion as to evidence it deems appropriate and it would seem to follow that an arbitrator may determine which legal issues he desires to have briefed. From his decision, he does not appear to take issue with the law set forth by the plaintiff, but with the lack of evidence presented.
The plaintiff's remaining claim is that the arbitrator stated he would take "arbitratorial notice" of filings in the bankruptcy court, thus violating the fourth possible statutory defect listed in § 52-418. The Court does not agree with this assessment. Absent a showing of perverse misconstruction [of the law] or positive misconduct . . . the arbitrator's determination is not subject to judicial inquiry. Twin Towers Associates v. GilbertSwitzer Associates, 4 Conn. App. 538, 540 (1985).
The party challenging an arbitrator's award must prove he was deprived of a full and fair hearing. O G O'Connell v. ChaseFamily Limited Partnership, 203 Conn. 133 (1987). The test is was there a "manifest disregard of the law" and was there egregious behavior by the arbitrator. Garrity v. McCaskey, 223 Conn. 1
(1992). Unless an arbitration award clearly falls within the proscriptions of § 52-418, it will not be disturbed.Metropolitan District Commission v. AFSCME, 37 Conn. App. 1, 5
(1995).
The plaintiff's claims do not meet these tests. The arbitrator listened to the testimony offered on this issue and found it was inadequate. He did not manifestly disregard the law, CT Page 5925 did not deprive the plaintiff of a full and fair hearing and the award does not clearly fall within the proscriptions of § 52-418.
The application to vacate the award is denied.
The application to confirm the award is granted.
Klaczak, J.