[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR ORDER TO VACATE ARBITRATION AWARD (DOCKET ENTRY NO. 102)
 FACTS
This application arises from an arbitration proceeding and award pursuant to a collective bargaining agreement between the town of Stratford (town) and the International Federation of Professional and Technical Employees, Local 134 (union).
The town here applies for an order to vacate the arbitration award pursuant to § 52-418 of the General Statutes on the ground that the arbitration panel ignored the town's post-hearing brief, which was erroneously filed after the due date, and that the panel did not apply federal drug testing regulations to the grievant.
The union requested arbitration before the State Board of Mediation and Arbitration (SBMA) to decide the grievance of a union member who was terminated for failing to take a random drug test.
The arbitration award contained the following findings of fact. On February 6, 1995, the grievant, who worked for the town as a recycling driver, attended a meeting of town employees during which a new federally mandated Department of Transportation (DOT) drug and alcohol testing policy was explained. The policy applies to employees in safety-sensitive positions which require them to drive certain commercial vehicles. Thereafter, the grievant was ordered to take a random drug test, even though he had changed his job and was working as a highway laborer. The grievant tested positive and was suspended. On January 4, 1996, the grievant took a "return to work" test as required by DOT policy. This test was negative. After returning to work on January 8, 1996, the grievant submitted to several follow-up drug tests, all of which were negative.
In March, 1997, the grievant sought and received a transfer to the position of parks laborer or parks maintainer in exchange for his withdrawal of certain pending grievances against the CT Page 12041 town. Shortly thereafter, the grievant was ordered to take two additional follow-up drug tests, both of which were negative. In April, 1997, the grievant was ordered to report for a third follow-up test. Although his supervisor informed him that refusal to submit to the test would result in his termination, the grievant refused to take the test. Accordingly, after a hearing on May 1, 1997, the town terminated him under the provisions of Article 30 of the collective bargaining agreement (CBA), under the town's DOT policy and under applicable federal law.
The arbitration hearing was held before a panel of the SBMA on March 8, 1998 to consider the question of whether the grievant was terminated for just cause and, if not, what remedy should be awarded.
In its application for the order to vacate, the town alleges the following additional facts. At the conclusion of the hearing, the parties requested that they be allowed to submit posthearing briefs, in lieu of closing arguments, regarding the applicability of DOT drug testing regulations to the grievant. All parties agreed that the briefs must be post-marked no later than April 3, 1998. However, the town's counsel erroneously understood the due date to be April 10, 1998, and did not mail the town's brief until April 8. The panel subsequently rejected the brief for being postmarked after the April 3 due date.
The SBMA issued the arbitration award on June 11, 1998. A majority of the three-person panel determined that the town did not have just cause to terminate the grievant and that the grievant should be returned to work upon his successful completion of a "return to duty" (drug/alcohol) test. The majority also concluded that the grievant's absence from work should be treated as an indefinite suspension and that no back pay or benefits should be awarded.
 DISCUSSION
Arbitration is a creature of contract and its autonomy requires a minimum of judicial intrusion. Bic Pen Corporation v.Local No. 134, 183 Conn. 579, 583, 440 A.2d 774 (1981). When the parties agree to a procedure and have delineated the authority of the arbitrator, they must adhere to and be bound by those limits. Id., 584; Trumbull v. Trumbull Police Local 1745,1 Conn. App. 207, 211-12, 470 A.2d 1219 (1984). Every reasonable presumption and intendment is made in favor of sustaining the award and of the arbitrator's acts and proceedings. Bruno v. Department ofCT Page 12042Consumer Protection, 190 Conn. 14, 19, 458 A.2d 685 (1983). . . . Absent a showing of perverse misconstruction or positive misconduct . . . the arbitrator's determination is not subject to judicial inquiry. Schwarzschild v. Martin, 191 Conn. 316, 327,464 A.2d 774 (1983)." Twin Towers Associates v. Gilbert Switzer Associates, 4 Conn. App. 538, 540, 495 A.2d 735, cert. dismissed,197 Conn. 811, 499 A.2d 61 (1985).
 A. Failure to Consider Post-Hearing Brief
The town first argues in that the arbitration award should be vacated pursuant to § 52-418 (a)(3) and (a)(4) of the General Statutes because the panel committed prejudicial misconduct in refusing to consider the towns post-hearing brief.
Section 52-418 (a)(3) provides that the superior court shall make an order vacating the award "if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced. . . ." Subsection (a)(4) provides that an award shall be vacated "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
According to § 31-91-41(a) of the state regulations for the SBMA, "[a]fter the presentation of evidence, each party shall be permitted to file a brief." However, § 31-91-42(b) of the regulations provides that "[i]f briefs or other documents are to be filed, the hearings shall be declared closed as of the finaldate set by the panel members for the filing of said summarybriefs or documents with the [SMBA]." (Emphasis added.)
Here, the arbitration panel permitted the parties to submit post-hearing briefs postmarked no later than April 3, 1998. Therefore, when the town failed to submit its brief by the required date, the panel correctly considered the hearings closed in accordance with § 31-91-42(b). Consequently, the panel did not exceed or improperly execute its powers, nor did it refuse to hear pertinent evidence.
The town argues that the panel was unreasonable in denying the request that its overdue brief be accepted, because it deprived the town of a full and fair opportunity to present its case. The town argues that, if the panel had accepted its brief, CT Page 12043 it could have given the union an opportunity to submit a reply brief to insure fairness. The town cites O G/O'Connell JointVenture v. Chase Family Ltd. Partnership No. 3, 203 Conn. 133,147, 523 A.2d 1271 (1987), for the proposition that "an award may be set aside on the basis of procedural error by an arbitration panel if, for instance, the panel commits an egregious evidentiary error such as refusing to hear material evidence or precluding a party's efforts to develop a full record. Id.
Here, however, it was the town's mistake, not an "egregious evidentiary error" of the panel, that precluded the panel from considering the brief. Further, if the panel had done as the town requested and accepted the towns brief after the deadline, the panel would have violated the provisions of § 31-91-42(b).
In construing every reasonable presumption in favor of sustaining the arbitrator's acts and proceedings, this court concludes that there is no evidence that the panel committed prejudicial misconduct in refusing to consider the town's post-hearing brief. See Twin Towers Associates v. Gilbert Switzer Associates, supra, 4 Conn. App. 540.
 B. Failure to Apply DOT Drug Testing Regulations
The town next argues that the arbitration award should be vacated pursuant to § 52-418 (a)(4) of the General Statutes because the panel, in failing to apply DOT drug testing regulations to the grievant, displayed a "manifest disregard for the law." Saturn Construction Co. v. Premiere Roofing Co.,238 Conn. 293, 304, 680 A.2d 1274 (1996). The town argues that, even after the grievant was transferred to the position of highway laborer, he continued to possess a commercial drivers license and occasionally performed the safety-sensitive function of driving the town's snowplow. The town further argues that the grievant remained eligible to drive the snowplow after his transfer to the position of park division laborer, and could have been required at any time to drive a park division commercial motor vehicle. The town thus concludes that the grievant remains subject to DOT regulations and town policy that require follow-up drug testing for up to 60 months.
The arbitration panel concluded that the position of highway laborer is not a safety-sensitive position governed by DOT regulations. The panel thus determined that, after his transfer to the position of highway laborer, the grievant remained subject only to the provisions of the CBA, which do not provide for CT Page 12044 random drug testing more than one year following a positive test result.
"[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418 (a)(4). . . . We emphasize, however, that the `manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." Saturn ConstructionCo. v. Premiere Roofing Co., supra, 238
The test to be used in interpreting § 52-418 (a) consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable. Id. 305.
This court concludes that the town has not provided evidence that the panel exceeded or so imperfectly executed its powers that the award constitutes an "egregious or patently irrational application of the law." Id. In reaching its conclusion that the grievant did not hold a safety-sensitive position, the panel stated that, "[f]or nearly two years, the Town offered no evidence that the Grievant had ever driven a vehicle on a regular basis which required a [commercial driver's license] which would place him in a safety sensitive occupation. It appeared that the Grievant took the downgrade in order to avoid being subject to DOT policy." Even the dissenting opinion does not cite this issue as being wrongly decided by the panel's majority. Thus, the town has not established the first element of the test, that the panel committed an obvious error capable of being readily and instantly perceived by the average arbitrator. Therefore, there is no evidence that the panel acted in manifest disregard of the law.
The town also argues that the award should be vacated on public policy grounds pursuant to § 52-418 (a)(4) of the General Statutes. The town argues that case law in Connecticut and elsewhere supports vacating arbitration awards that reinstate employees who tested positive for drugs in safety-sensitive CT Page 12045 positions.
However, the arbitration panel concluded that the position of highway laborer is not a safety-sensitive position. Thus, in the absence of a showing of prejudicial misconduct by the panel, the panel's determination on this issue is not subject to judicial inquiry. See Twin Towers Associates v. Gilbert Switzer Associates, supra, 4 Conn. App. 540.
Accordingly, the court must deny the town's application for an order to vacate the arbitration award.
MELVILLE, J.