[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #101 APPLICATION FOR ORDER TO CORRECT ARBITRATION AWARD
 FACTS
This application arises from an arbitration proceeding and award pursuant to a collective bargaining agreement between the town of Stratford (town) and the International Federation of Professional and Technical Employees, Local 134 (union).
The union applies for an order to correct the arbitration award pursuant to § 52-419 of the General Statutes on the ground that the panel exceeded its authority in finding that the grievant's termination should be treated as a suspension and that no back pay or other make whole relief should be awarded.
The union requested arbitration before the State Board of Mediation and Arbitration (SBMA) to decide the grievance of a union member who was terminated for failing to take a random drug CT Page 12046 test.
The arbitration award contained the following findings of fact. On February 6, 1995, the grievant, who worked for the town as a recycling driver, attended a meeting of town employees during which a new federally mandated Department of Transportation (DOT) drug and alcohol testing policy was explained. The policy applies to employees in safety-sensitive positions which require them to drive certain commercial vehicles. Thereafter, the grievant was ordered to take a random drug test, even though he had changed his job and was working as a highway laborer. The grievant tested positive and was suspended. On January 4, 1996, the grievant took a "return to work" test as required by DOT policy. This test was negative. After returning to work on January 8, 1996, the grievant submitted to several follow-up drug tests, all of which were negative.
In March, 1997, the grievant sought and received a transfer to the position of parks laborer or parks maintainer in exchange for his withdrawal of certain pending grievances against the town. Shortly thereafter, the grievant was ordered to take two additional follow-up drug tests, both of which were negative. In April, 1997, the grievant was ordered to report for a third follow-up test. Although his supervisor informed him that refusal to submit to the test would result in his termination, the grievant refused to take the test. Accordingly, after a hearing on May 1, 1997, the town terminated him under the provisions of Article 30 of the collective bargaining agreement (CBA), under the town's DOT policy and under applicable federal law.
The arbitration hearing was held before a panel of the SBMA on March 8, 1998 to consider the question of whether the grievant was terminated for just cause and, if not, what remedy should be awarded.
The SBMA issued the arbitration award on June 11, 1998. A majority of the three-person panel determined that the town did not have just cause to terminate the grievant and that the grievant should be returned to work upon his successful completion of a "return to duty" (drug/alcohol) test. The majority also concluded that the grievant's absence from work should be treated as an indefinite suspension and that no back pay or benefits should be awarded.
 DISCUSSION
CT Page 12047
Arbitration is a creature of contract and its autonomy requires a minimum of judicial intrusion. Bic Pen Corporation v.Local No. 134, 183 Conn. 579. 583, 440 A.2d 774 (1981). When the parties agree to a procedure and have delineated the authority of the arbitrator, they must adhere to and be bound by those limits. Id., 584; Trumbull v. Trumbull Police Local 1745,1 Conn. App. 207, 211-12, 470 A.2d 1219 (1984). Every reasonable presumption and intendment is made in favor of sustaining the award and of the arbitrator's acts and proceedings. Bruno v. Department ofConsumer Protection, 190 Conn. 14, 19, 458 A.2d 685 (1983). Absent a showing of perverse misconstruction or positive misconduct, the arbitrator's determination is not subject to judicial inquiry. Schwarzschild v. Martin, 191 Conn. 316, 327,464 A.2d 774 (1983). Twin Towers Associates v. Gilbert Switzer Associates, 4 Conn. App. 538. 540. 495 A.2d 735, cert. dismissed,197 Conn. 811, 499 A.2d 61 (1985).
The union argues that the arbitration award should be corrected pursuant to § 52-419 of the General Statutes. The union argues that the only question submitted for arbitration was whether the grievant's termination was proper. The union thus argues that the panel exceeded its authority in finding that the period of time from the grievant's improper termination to the date of his reinstatement should be treated as an indefinite suspension for insubordination, and that he should not receive back pay. The union concludes that the panel should have awarded the grievant back pay, restoration of seniority benefits and other make whole relief.
The town argues that the arbitration panel did not exceed its authority. The town argues that two issues, not one, were submitted for arbitration, these being whether the grievant had been terminated for just cause and, if not, what the remedy should be. The town argues that, once the panel decided that the grievant had been unjustly terminated, it properly fashioned a remedy based on the evidence adduced at the arbitration hearing.
Section 52-419 (a) provides, in relevant part, that "the superior court . . . shall make an order modifying or correcting the award . . . if the arbitrators have awarded upon a matter not submitted to them. . . ." In deciding whether arbitrators have `exceeded their powers,' as that phrase is used in § 52-418
(d), courts need only examine the submission and the award to determine whether the award conforms to the submission. Hartfordv. Local 308, 171 Conn. 420, 432, 370 A.2d 996 (1976); CT Page 12048Connecticut Ins. Guaranty Assn. v. Zasun, 52 Conn. App. 212, 229, (1999). The party challenging an arbitration award . . . bears the burden of demonstrating that the award violates the parties' agreement.Hartford v. IAFF, Local 760, AFL-CIO, CLC, 24 Conn. App. 254,257, 587 A.2d 435 (1991).
In Hartford v. Local 308, supra, 171 Conn. 420 the court considered a similar situation. There, a police officer's union sought arbitration under a collective bargaining agreement between the city and the union following his dismissal from the police department. See id., 422-23. The issue submitted for arbitration was whether the grievant had been discharged for just cause and, if not, what the remedy should be. See id., 432. The award reinstated the officer, but without back pay or other benefit. See id. In that case the court stated:
 "[i]f the board was to have determined only whether [the grievant's] discharge was for just cause, then there would have been no reason to ask what the remedy should be if [the grievant] was not discharged for just cause. It is evident that the submission contemplated that if the board did not arrive at a decision that [the grievant] was discharged for just cause, it could also determine something less than reinstatement with back pay as the remedy. The award implies that the board felt there was a basis in the rules and regulations of the department for suspending [the grievant] without pay, but no basis for discharging him. The award was clearly within the terms of the submission."
Id. 432-33.
In the present case, the panel concluded that the grievant should be denied back pay and other benefits because he "had willingly submitted to numerous other drug tests and selectively [chosen] not to undergo [the last one]. . . ." (Award, p. 6.) Furthermore, the grievant "had ample time to file a grievance prior to his termination in support of his claims that DOT policy did not apply to him or the one year rule had expired." (Award, p. 6.) Thus, his refusal to take the drug test, when advised by both management and the union to do so, warranted discipline. (Id.) The panel determined that the grievant's acts constituted insubordination, clearly grounds for disciplinary action, and that an appropriate remedy would be to treat the grievant's time out of work as a suspension warranting no back pay or other benefits. (Id., pp. 5-7.) CT Page 12049
The union argues that the panel at least partially misrepresented the facts, in that the grievant filed two grievances relating to his last series of drug tests. The union argues that this shows that the grievant did not willingly submit to the prior drug tests. The union argues that the aforementioned grievances are referred to in the award's findings of fact, which state that the grievant was transferred to the position of parks laborer or maintainer in March, 1997 in exchange for his withdrawal of "certain pending grievances." (Award, p. 2.)
However, except for two narrow exceptions that do not here apply, the court may not review an arbitration award for errors of law or fact. See Hartford v. IAFF. Local 760, AFL-CIO, CLC, supra, 24 Conn. App. 256-57. Here, as in Hartford v. Local 308, the arbitration panel determined that, although there was no basis in town rules and regulations for discharging the grievant, there was a basis on which to temporarily suspend him. Therefore, lacking evidence of prejudicial misconduct and construing every reasonable presumption in favor of sustaining the arbitrator's acts and proceedings, the court concludes that the panel's award was based on a reasonable interpretation of town rules and regulations and is not subject to judicial inquiry. See TwinTowers Associates v. Gilbert Switzer Associates, supra,4 Conn. App. 540.
Accordingly, the court denies the union's application for an order to correct the arbitration award.
MELVILLE, J.