[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FACTS
This application arises from an arbitration proceeding and award pursuant to a collective bargaining agreement between the town of Stratford (town) and the International Federation of Professional and Technical Employees, Local 134 (union).
The union now applies for an order to vacate the arbitration award on the ground that the arbitration panel exceeded or improperly executed its powers in dismissing the grievant's complaint.
The arbitration award contained the following findings of fact. In August, 1993, the union filed a grievance on behalf of a union member employed by the Stratford public works department. The complaint alleged discrimination in violation of Article 25 of the collective bargaining agreement for denying the grievant a promotion in favor of another bargaining unit member. Section 25.1 of the collective bargaining agreement prohibits discrimination on the basis of race, religion, color, creed, sex, age, physical handicap, marital status, country of ancestral origin or political beliefs and affiliations. Section 25.2 of the collective bargaining agreement prohibits discrimination on the basis of union membership or activities. The complaint did not specify the basis for the discrimination charge.
In October, 1993, the grievant filed a complaint with the Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission alleging race and age discrimination. Subsequently, the grievant filed a federal lawsuit on the same grounds. In January, 1996, the union wrote a letter to the State Board of Mediation and Arbitration requesting that the arbitration proceeding be held in abeyance "pending the outcome of a court case involving the same question." (Union's Memorandum, p. 82.) In September, 1997, a federal jury rendered a verdict in favor of the town, finding that it had not discriminated against the grievant in denying him the promotion. The grievant did not appeal.
Following the jury verdict, the union requested that the case be immediately scheduled for an arbitration hearing. (Town's Memorandum, p. 2.) Before the hearing, the town filed a motion to dismiss on the ground of res judicata because the grievance involved the same claim of race discrimination previously decided by the federal court. The union responded by asserting, for the first time, that the grievance also involved a claim of CT Page 1834 discrimination based on the grievant's union activities. The parties agreed to submit post-hearing briefs on the motion to dismiss only, and the arbitration panel did not hear arguments on the merits. In May, 1998, the arbitration panel issued an award in favor of the town. The award defined the issue as follows: "Did the Town violate Section 25.2 of the Agreement when it promoted Mr. Whitlock to crew chief rather than [the grievant?]" The panel concluded first, that the grievance was subject to pleading deficiencies because the grievant did not articulate union activities as a basis for his discrimination claim prior to the hearing and, second, that the grievant was prevented from resurrecting the grievance under the doctrine of res judicata.
 II DISCUSSION
Arbitration is a creature of contract and its autonomy requires a minimum of judicial intrusion. Bic Pen Corporation v. Local No.134, 183 Conn. 579, 583, 440 A.2d 774 (1981). When the parties agree to a procedure and have delineated the authority of the arbitrator, they must adhere to and be bound by those limits. Id., 584; Trumbull v. Trumbull Police Local 1745,1 Conn. App. 207, 211-12, 470 A.2d 1219 (1984). Every reasonable presumption and intendment is made in favor of sustaining the award and of the arbitrator's acts and proceedings. Bruno v. Department ofConsumer Protection, 190 Conn. 14, 19, 458 A.2d 685 (1983). Absent a showing of perverse misconstruction or positive misconduct the arbitrator's determination is not subject to judicial inquiry. Schwarzschild v. Martin, 191 Conn. 316, 327,464 A.2d 774 (1983); Twin Towers Associates v. Gilbert Switzer Associates, 4 Conn. App. 538, 540, 495 A.2d 735, cert. dismissed,197 Conn. 811, 499 A.2d 61 (1985).
 A Mutual, Final and Definite Award
The union initially argues that the award should be vacated because a mutual, final and definite award was not made. The union contends that the award is defective because the arbitration panel failed to hear any evidence or make any substantive rulings, and improperly relied upon the decision of a federal court in a different cause of action. The town replies that, in the absence of any restriction upon the authority of the CT Page 1835 arbitration panel, the panel's decision is final and binding. The town also argues that the issues submitted by the parties were unrestricted, that the panel made a final and definitive decision on all of the issues submitted, that the award conforms to the submission and that there is consequently no basis for vacating the award.
Connecticut General Statutes § 52-418 (a) provides in relevant part:
 "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds . . . [that] the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."
Step 2 of Section 17.3 of the collective bargaining agreement provides in relevant part: "In the event the Grievance cannot be satisfactorily settled . . . the [Association] Representative will present to the Grievance Committee a written detailed copy of the Grievance." Section 17.3.C. also states in relevant part: "The decision of the Arbitration Panel shall be final and binding on both parties."
In addressing the claim of discrimination based on the grievant's union activities, the panel first faulted the union for not following procedures in Article 17.3 of the collective bargaining agreement that require a grievant to provide detailed reasons for filing the grievance. The panel concluded that:
 "[t]he steps of the grievance procedure and for filing a grievance in general is to fully inform the parties of the nature of the problem so that they can take whatever steps [are] necessary to defend themselves. In this case, it was the obligation of the Union not the Town to articulate the specific grounds for its grievance." (Arbitration Award, p. 3.)
The panel also determined that the union activity discrimination claim had already been decided under the principle of res judicata, stating "[t]he union cannot spring new issues or claims once the action has been adjudicated. The panel has determined the case was decided upon in the matter before the CT Page 1836 U.S. District Court . . . and was not appealed by the Grievant, thus constituting a final disposition from relitigating the same issue before this panel." (Arbitration Award, p. 3.)
Under the doctrine of res judicata, or claim preclusion,
 "a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.) Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582, 589, 674 A.2d 1290 (1996).
In the present case, the union's cause of action relies upon the same operative facts alleged in the grievant's federal action. However, the legal theories asserted in the two actions are different. In the federal action, the grievant alleged a theory of race discrimination, but here, the union relies upon a theory of discrimination based on the grievant's union activities. Therefore, this court concludes that the panel did not exceed or improperly execute its powers when it determined that the union, having failed to assert its claim of discrimination based on union activities when it had the opportunity to do so in federal court, could not submit the union activities claim for arbitration at some later time. See id.
The union's final argument, that the award is invalid because the panel failed to make any substantive rulings, also lacks merit because the parties agreed to limit their post-hearing briefs to the motion to dismiss, and thus understood that the merits of the case would not be considered. (See Arbitration Award, p. 1.) Furthermore, the collective bargaining agreement provides that the decision of an arbitration panel shall be final and binding on both parties. Accordingly, the union has failed to show that the panel exceeded its powers or that its decision was the result of "perverse misconstruction or positive misconduct";Twin Towers Associates v. Gilbert Switzer Associates, supra,4 Conn. App. 540; and this court concludes that the panel issued a "mutual, final and definite award" in accordance with General Statutes § 52-418 (a). CT Page 1837
 B Res Judicata
The union argues that the motion to dismiss was improperly granted and res judicata does not preclude the arbitration panel from deciding the grievance on its merits because there is no identity of parties or causes of action in the court and collective bargaining proceedings. The town replies that, at the arbitration hearing and in its post-hearing brief, the union conceded that res judicata precluded arbitration of the race discrimination claim. The town therefore concludes that the union cannot now raise that issue in its motion to vacate.
In the arbitration award, the panel stated that "[t]he union concedes that discrimination on account of age and race has been decided, however, the Union claims that Union activity as a basis for discrimination which was not raised in the federal complaint has ever been addressed, let alone decided. . . . The Union admits that . . . the federal case decided some but not all of the issues raised. They ask that the Town's Motion to Dismiss be denied so that the remaining discrimination claim can be considered on its merits." (Arbitration Award, p. 3.)
In conceding that the issue of discrimination based on age and race was decided by the federal court; see id; the union effectively negates its own argument, because accepting that the race claim is res judicata for collective bargaining purposes implies that there is an identity of parties and causes of action in the federal and collective bargaining proceedings. Indeed, had the union truly believed that there was no such identity, it could not have conceded that the race claim was res judicata. Thus, there is no merit to the union's position that there is no identity of parties and causes of action with regard to the union activities discrimination claim, which involves the same federal and collective bargaining proceedings as the race claim. Accordingly, this court finds that the arbitration panel did not exceed its powers and the union did not show that the panel engaged in "perverse misconstruction or positive misconduct" when the panel determined that the union's claim of discrimination based on union activities is precluded under the principle of res judicata. See Twin Towers Associates v. Gilbert Switzer Associates, supra, 4 Conn. App. 540. CT Page 1838
 C Public Policy
The union argues that the arbitration award violates public policy because precluding arbitration on the ground of resjudicata puts the employee and the union at odds with one another and forces a grievant to decide between judicial and collective bargaining forums. The union also contends that the panel improperly made a finding on the merits of the union activities discrimination claim without taking evidence on the merits. The town replies that the award does not violate public policy because giving res judicata effect to the judgment of a federal court does not thwart the public policy of preventing discrimination. The town also maintains that the union misconstrues the panel's award, because both parties knew beforehand that the post-hearing briefs and the panel's decision would be limited to consideration of the motion to dismiss, which is a procedural matter.
The court finds that the union's first public policy argument is irrelevant in light of the fact that the union has conceded that the race discrimination claim is res judicata. (See Arbitration Award, p. 3.) As for the union's second argument, the arbitration award states in relevant part: "It was agreed by both parties to brief on the Motion to Dismiss only. The merits of the case were not heard by this panel." (See Arbitration Award, p. 1.) The award also states: "[The union asks] that the Town's Motion to Dismiss be denied so that the remaining discrimination claim can be considered on the merits." (See Arbitration Award, p. 3.) Therefore, it appears that the union was fully cognizant that the purpose of the hearing was to consider the motion to dismiss only, and not the merits of the grievant's complaint. Accordingly, this court finds that the award did not violate public policy and the panel did not engage in "perverse misconstruction or positive misconduct" when it granted the town's motion to dismiss. See Twin Towers Associates v. GilbertSwitzer Associates, supra, 4 Conn. App. 540.
 III CONCLUSION
For all of the foregoing reasons, the court finds that the arbitration panel did not exceed or improperly execute its powers CT Page 1839 in dismissing the grievant's complaint. Accordingly, the union's motion to vacate the arbitration award is denied.
MELVILLE, JUDGE